PER CURIAM.
E. G. Haskell, Jr. appeals a judgment entered following a jury trial. The dispute arose in March 1971 when Haskell attempted a controlled burn on his timberland. A fire broke out on the adjacent timberland owned by Forest Land and Timber. The matter was submitted to arbitration to determine the amount of damage done to Forest Land and Timber’s property. After an initial delay in the selection of the third arbitrator, a report was issued on September 29, 1971 awarding $2,921.85. On October 7,1971, Forest Land and Timber filed a tort action against Haskell without mentioning the arbitration. On November 3 Haskell answered asserting the arbitration as an affirmative defense. This answer was filed within 90 days of the arbitration award. Forest Land and Timber did not file a reply to the affirmative defense. See Rule of Civil Procedure 1.100(a). Over two years later, on January 29, 1973, Forest Land and Timber filed an amended complaint asserting that the arbitrators showed evident partiality and asking that the arbitration award be vacated. The circuit judge submitted the issue of partiality to a jury during a trial 7% years later. The verdict was that the arbitration award should be vacated and greater damages in the amount of $20,500.00 awarded.
The only issue which requires discussion is whether the appellee complied with § 682.13 Fla.Stat.[1] The appellee argues that Rule of Civil Procedure 1.110(e) converted the appellee’s silence in the face of an affirmative defense filed within 90 days of the award, to the required petition to vacate. We reject this contention and hold that in order to vacate an arbitration award *812 some affirmative action by the party seeking relief from the award must be made within the statutory time period. Allowing the appellee to challenge the arbitration proceeding at this late date was error.[2]
The statutory language makes it clear that in enacting § 682.13 the legislature sought to limit the grounds for overturning an arbitration award and to require that the effort to overturn the award be initiated promptly. To carry out this purpose we interpret the statute as requiring a petition to vacate stating the grounds therefor. The automatic denial provision of Rule 1.110(e) does not satisfy the requirements of § 682.13. In this case the first effort to plead grounds for vacating the award was by filing an amended complaint, two and one-half years after the arbitrator’s report was made.
In light of our ruling on this issue the trial court is required by § 682.13(4) to confirm the arbitration award. There is no need to pass upon the appellant’s other points.
The judgment is REVERSED and the cause is REMANDED for proceedings in accordance with this opinion.
ERVIN, BOOTH and THOMPSON, JJ., concur.

. Section 682.13:
(1) Upon application of a party, the court shall vacate an award when:
(a) The award was procured by corruption, fraud or other undue means.
(b) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or umpire or misconduct prejudicing the rights of any party.
*812 (c) The arbitrators or the umpire in the course of his jurisdiction exceeded their powers.
(d) The arbitrators or the umpire in the course of his jurisdiction refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of s. 682.06, as to prejudice substantially the rights of a party.
(e) There was no agreement or provision for arbitration subject to this law, unless the matter was determined in proceedings under s. 682.03 and unless the party participated in the arbitration hearing without raising the objection.
But the fact that the relief was such that it could not or would not be granted by a court of law or equity is not grounds for vacating or refusing to confirm the award.
(2)An application under this section shall be made within 90 days after delivery of a copy of the award to the applicant, except that, if predicated upon corruption, fraud or other undue means, it shall be made within 90 days after such grounds are known or should have been known.
(3) In vacating the award on grounds other than those stated in subsection (1)(e), the court may order a rehearing before new arbitrator chosen as provided in the agreement or provisions for arbitration or by the court in accordance with s. 682.04, or, if the award is vacated on grounds set forth in subsection (l)(c) and (d), the court may order a rehearing before the arbitrators or umpire who made the award or their successors appointed in accordance with s. 682.04. The time within which the agreement or provision for arbitration requires the award to be made is applicable to the rehearing and commences from the date of the order therefor.
(4) If the application to vacate is denied and no motion to modify or correct the award is pending, the court shall confirm the award.

. Cf. Lopez v. Roque Tile Co. v. Clearwater Development, 291 So.2d 126 (Fla. 2d DCA 1974).