426 So.2d 1251 (1983)
E.G. HASKELL, Jr., Appellant,
v.
FOREST LAND AND TIMBER COMPANY, INC., Appellee.
No. AM-344.
District Court of Appeal of Florida, First District.
February 10, 1983.
Rehearing Denied March 15, 1983.
*1252 Richard B. Davis, Jr., Jasper, for appellant.
Ernest A. Sellers and Andrew J. Decker, III of Airth, Sellers, Lewis & Decker, Live Oak, for appellee.
PER CURIAM.
This is an appeal from a final judgment awarding costs in the amount of $214.74 to appellee, Forest Land and Timber Company, Inc. (Forest Land). Appellant, E.G. Haskell, Jr. (Haskell), contends that the lower court erred in concluding that Forest Land was the prevailing party in this action and in awarding costs accordingly. He insists that he was in fact the prevailing party below and that the lower court thus erred in denying his motion for costs. Forest Land cross-appeals, contending that the lower court erred in not awarding interest on the judgment. We disagree with Haskell's contentions and therefore affirm the lower court's judgment on the points raised by him. We find merit, however, in Forest Land's claim that interest should have been awarded to it and reverse and remand with instructions on that point.
Section 57.041, Florida Statutes (1981), provides that "[t]he party recovering judgment shall recover all his legal costs and charges... ." Despite the protracted litigation in this case, spanning some ten years, there is no question that Forest Land was the only party to recover judgment by virtue of this court's decision in Haskell v. Forest Land and Timber Company, 408 So.2d 811 (Fla. 1st DCA 1982) (Haskell I),[1] *1253 wherein we directed the lower court to confirm the arbitration award originally issued in Forest Land's favor. Forest Land thus became the prevailing party, because once an arbitration award is confirmed by a court, it then "becomes the judgment of the court." Bohlmann v. Allstate Insurance Company, 171 So.2d 23, 24 (Fla. 2d DCA 1965). We therefore affirm the lower court's judgment insofar as it awarded costs to Forest Land and denied Haskell's motion for costs.
In its cross-appeal, Forest Land contends that it is entitled to interest on the judgment from the date of the original arbitration award, September 29, 1971, at either the "statutory" rate[2] or, in the alternative, at the rate of 6% pursuant to Section 687.01,[3] Florida Statutes (1981), because the Arbitration Agreement provided that Haskell was to pay the award, if any, by "demand note". Haskell responds that no interest is due under any circumstances. Our examination of the arbitration agreement, entered into by the parties on May 27, 1971, discloses that the agreement fails to provide for interest. Accordingly, we reject Forest Land's argument that Section 687.01 should control in this case.[4] We find, however, that Forest Land is entitled to interest at the statutory rate of 12% by operation of Section 55.03, Florida Statutes (1981).
The more difficult question is when such interest should commence. The general rule is that "[i]nterest on a judgment or decree ordinarily runs from the date of its entry until satisfaction thereof." 32 Fla. Jur.2d Interest & Usury § 9 (1981) (e.s). Forest Land contends that the judgment was entered on September 29, 1971, the date of the original arbitration award, while Haskell contends that it was entered, if at all, by the lower court's judgment on May 14, 1982. The general rule regarding the commencement of interest does not apply where a trial court judgment is overturned *1254 by an appellate court on grounds that it was improper or excessive. In such situations, interest will run from the time the entitlement to, and the amount of, judgment is finally adjudicated by the appellate court. See 32 Fla.Jur.2d Interest & Usury § 9 (1981). This is, in part, in recognition of the inequities involved in allowing a successful appellant to assume the burden and expense of appealing an improper award and then to be charged with interest from the date of the original award. See, Novack v. Novack, 210 So.2d 215, 216 (Fla. 1968).
Although interest cannot be deemed, as Forest Land contends, to run from the date of the arbitration award's original entry, it also cannot be held to run from the date the lower court merely confirmed our mandate, which directed it to enter judgment in accordance with that awarded in arbitration. Our mandate in the prior appeal became final on February 3, 1982. The lower court's action complying with our clear directions did not occur until May 14, 1982. Because the amount of the judgment was finally adjudicated by the appellate court on February 3, 1982, we find that Forest Land is entitled to interest on its judgment commencing on February 3, 1982,[5] and continuing until the judgment is satisfied.
The lower court's judgment is therefore AFFIRMED in part, REVERSED in part, and REMANDED with instructions to award interest on the judgment consistent with this opinion.
MILLS, ERVIN and BOOTH, JJ., concur.
NOTES
[1] This case began in 1971 when Haskell was attempting a "controlled burn" on his property.

The fire spread to Forest Land's adjacent property, destroying some 60 acres of timberland. The parties entered into an arbitration agreement on May 27, 1971, and an arbitration award in the amount of $2,921.85 was issued on September 29, 1971 in Forest Land's favor. Evidently dissatisfied with that sum, Forest Land then commenced a tort action in circuit court for damages. Haskell affirmatively defended on the ground that the arbitration award was binding on the parties. Forest Land's original complaint made no mention of the arbitration agreement and subsequent award. It amended its complaint in 1973, alleging that one of the arbitrators had been partial. A trial on the merits was finally held 7 1/2 years later, resulting in an award of $20,500.00 in favor of Forest Land. Haskell appealed that judgment to this court and we reversed, finding that the parties were bound by the arbitration agreement and award and that Forest Land had failed to seek to vacate the award within the 90-day time period set out in § 682.13, Florida Statutes (1981). We accordingly directed the lower court to confirm the original arbitration agreement.
[2] The statutory rate is provided in Section 55.03, Florida Statutes (1981), as follows:

(1) A judgment or decree entered on or after October 1, 1981, shall bear interest at the rate of 12 percent a year unless the judgment or decree is rendered on a written contract or obligation providing for interest at a lesser rate, in which case the judgment or decree bears interest at the rate specified in such written contract or obligation.
(2) Any process, writ, judgment, or decree which is directed to the sheriffs of the state to be dealt with as execution shall bear, on the face of the process, writ, judgment, or decree, the rate of interest which it shall accrue from date of judgment until payment.
[3] Section 687.01, Florida Statutes (1981), provides that "[i]n all cases where interest shall accrue without a special contract for the rate thereof, the rate shall be 6 percent per annum, but parties may contract for a lesser or greater rate by contract in writing." Forest Land contends that this section applies to entitle it to at least 6% interest from September 29, 1971, by virtue of the fact that Haskell was to pay the arbitration award by "demand note" which, Forest Land argues, is a form of promissory note controlled by Section 687.01. Because we find nothing in the arbitration agreement to indicate that an award was to include interest, see note 4 infra, we reject Forest Land's position on this point.
[4] Paragraph 5 of the arbitration agreement provides simply that "Haskell agrees to pay the damages arrived at by arbitration in the following manner: Demand Note". There is no mention of interest anywhere in the agreement, although the parties could have expressly so provided pursuant to § 682.11, Florida Statutes (1981), had they chosen to do so.
[5] Normally interest would be awardable from the date of the entry of the arbitration award, Goldberger v. Hofco, Inc., 422 So.2d 898 (Fla. 1st DCA 1982), however we deem that by reason of Forest Land's inconsistent conduct, it has waived its right to seek interest from such date. Forest Land disavowed the arbitrator's award, entered on September 29, 1971, by seeking a tort action in circuit court. See facts recited under note 1 supra.