WELLS, Judge.
After a jury trial in this contract action, Ronald S. Friedman, CPA, P.A. secured a judgment against Marc Osheroff for $72,213 plus prejudgment interest. In this consolidated appeal, Osheroff seeks a new trial claiming that the trial court erred in precluding his proffered expert’s testimony. Osheroff also appeals two separate fee orders that denied his motion for attorney’s fees as the prevailing party on some of the claims raised in Friedman’s Third Amended Complaint, and that awarded attorney’s fees to Friedman pursuant to an offer of judgment under Florida Rule of Civil Procedure 1.442(c)(3), after Friedman prevailed on all of Osheroffs counterclaims. Friedman similarly cross-appeals the trial court’s failure to award him attorneys’ fees as the prevailing party at trial. He also appeals the prejudgment interest award, arguing that it was calculated at the statutory rate when it should have been calculated at the contractual rate expressly agreed upon in the parties’ underlying agreement(s). We find no merit in any of these points on appeal or cross-appeal other than Friedman’s argument regarding entitlement to prejudgment interest at the contractual rate.
In addition to other claims, Friedman sued Osheroff for breach of two promissory notes and two personal guarantees contained in agreements for professional services. Both the notes and the guarantees expressly provided for the payment of eighteen percent annual interest until fully paid. Osheroff raised waiver as an affirmative defense to these notes and guarantees claiming that Friedman had waived the interest.
*541 Prior to trial, the parties stipulated that the trial court would determine the amount of prejudgment interest due to Friedman after October 31, 1996, if he prevailed. The jury ultimately awarded Friedman $19,849 for breach of one promissory note and $52,364 for breach of at least one guarantee, the latter sum including prejudgment interest calculated at the contract rate through October 31, 1996. Pursuant to the parties’ agreement, the trial court awarded Friedman prejudgment interest accruing after October 31, 1996, but did so at the statutory rate, rather than the eighteen percent contractual rate, on Osheroff s argument that the jury had been instructed on waiver and that the verdict unquestionably demonstrated a jury finding that Friedman had waived his contractual right. The record, however, confirms that the jury rejected Osheroffs waiver argument and instead awarded the precise amount requested by Friedman with respect to the one promissory note and both guarantees, including prejudgment interest through October 31, 1996 at the contract rate. The court below therefore erred in failing to calculate the prejudgment interest due after October 31, 1996, at the contractual rate. Accordingly, we reverse the prejudgment interest award and remand for a recalculation at the contract rate. See WPB, Ltd. v. Supran, 720 So.2d 1091, 1093 (Fla. 4th DCA 1998) (noting that statutory interest is given “where the contract is silent on the rate of interest that applies in the event of a default”).
Affirmed in part, reversed in part, and remanded with instructions.