939 So.2d 225 (2006)
REPUBLIC SERVICES, INC., Appellant/Cross-Appellee,
v.
EUGENE CALABRESE, Appellee/Cross-Appellant.
Case No. 5D05-2335.
District Court of Appeal of Florida, Fifth District.
Opinion filed October 13, 2006.
Jerry R. Linscott, Robert W. Thielhelm, Jr., and Rafael R. Ribeiro of Baker & Hostetler LLP, Orlando, and Aaron W. Tandy of Gunster, Yoakley & Stewart, P.A., Miami, for Appellant/Cross-Appellee.
John R. Hamilton and Eric J. Eisnaugle, of Foley & Lardner, LLP, Orlando, for Appellee/Cross-Appellant.
MONACO, J.
This case involves a stock purchase agreement for the sale of certain businesses and land, as well as guarantees made by the seller. The trial court heard extensive testimony and considered the evidence adduced before it, and we lend the appropriate deference to the considered decision of the fact finder. After careful review of the record, we affirm the final judgment in all respects except one.
The trial court awarded pre-judgment interest to the appellee, Eugene Calabrese. The court calculated part of this amount by applying the statutory rate of interest, pursuant to section 687.01, Florida Statutes (2005). Here, however, the contract that was the subject of the law suit specifically called for such interest to be calculated at an annual rate equal to LIBOR[1], less fifty basis points. The LIBOR rate in this instance is smaller than the statutory rate.
The intention of the parties generally governs the interpretation of contracts. See Gables v. Choate, 792 So. 2d 520, 523 (Fla. 3d DCA 2001), review denied, 817 So. 2d 852 (Fla. 2002). The best evidence of the intention of contracting parties is to be found in the plain language of the contract. See Whitley v. Royal Trails Prop. Owners' Ass'n, Inc., 910 So. 2d 381, 383 (Fla. 5th DCA 2005). As the parties agreed to use the LIBOR rate, that is the rate that should govern. Moreover, section 687.01 specifically says that the statutory rate applies when the contract is silent on the matter. As the parties addressed this matter, their intention should be given effect. See Maryland Cas. Co. v. Fla. Produce Distribs., Inc., 498 So. 2d 1383 (Fla. 5th DCA 1986); see also Apache Group, Inc. v. Ronald S. Friedman, CPA, P.A., 935 So. 2d 539 (Fla. 3d DCA 2006).
Accordingly, we affirm the final judgment in all respects except for the calculation of interest. We reverse the amount awarded as interest to the appellee, and remand for recalculation of interest at the contract rate in accordance with this opinion.
AFFIRMED in part, REVERSED in part, and REMANDED.
PLEUS, C.J. and TRAYNOR, J.M., Associate Judge., concur.
NOTES
[1] London Interbank Offering Rate.