[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 2, 2009
THOMAS K. KAHN
CLERK

No. 09-11630
Non-Argument Calendar

_____

D. C. Docket No. 08-01475-CV-ORL-18-DAB

DEW SEVEN, L.L.C.,
a Florida limited liability company,

Plaintiff-Appellant,

versus

BIG LOTS STORES, INC.,
A foreign corporation f.k.a. Consolidated
Stores Corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 2, 2009)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

This case arises from Plaintiff's action for declaratory judgment under Florida Statute § 86.021. Plaintiff seeks a determination of its rights under a 1973 Lease Agreement ("Lease") and a 1997 Lease Extension and Modification Agreement ("Modification"). Plaintiff is the landlord; Defendant is the tenant. The district court granted Defendant's motion for summary judgment, finding that Plaintiff failed to raise a genuine issue of material fact as to the parties' intent in making the Modification.

Because this is a diversity case, Florida law applies. Davis v. Nat'l Med. Enter., Inc., 253 F.3d 1314, 1319 n.6 (11th Cir. 2001). We review the trial court's interpretation of a contract de novo. Bragg v. Bill Heard Chevrolet, Inc., 374 F.3d 1060, 1065 (11th Cir. 2004). We will grant summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to summary judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986) (quoting Fed. R. Civ. P. 56(c)). In a case involving contract interpretation, summary judgment is appropriate "when the agreement is totally unambiguous, or when any ambiguity may be resolved by applying the rules of construction to situations in which the parol evidence of the parties' intentions is

2

undisputed or non-existent." Land O'Sun Realty v. REWJB Gas Invs., 685 So. 2d

870, 872 n.3 (Fla. 3d DCA 1996).

We agree with the district court that any ambiguity in the contract is patent,

and therefore extrinsic evidence is inadmissible to resolve the dispute. See Crown

Mgmt. Corp. v. Goodman, 452 So. 2d 49, 52 (Fla. 2d DCA 1984). Without using

parol evidence, we resolve this dispute by looking to the language of the contract,

which "is the best possible evidence of the intent and meaning of the parties."

Republic Servs., Inc. v. Calabrese, 939 So. 2d 225, 226 (Fla. 5th DCA 2006).

Section 22 of the Lease provides in relevant part:

> Tenant is given the option, if Tenant is not in default under the terms
> of this lease, to renew this lease for five successive five year periods
> on the same terms and conditions herein contained, provided Tenant
> gives the Landlord six months notice of its election to exercise such
> option prior to and [sic] end of the term hereof or extended term.

DE 2, Ex. A, p. 37. The Modification provides, in relevant part:

> Tenant hereby exercises its first five (5) year renewal option to extend
> the term of the Lease as provided for in Section 22 of the Lease. The
> first five (5) year renewal option shall commence October 1, 1998
> and expires September 30, 2003. All terms and conditions specific in
> the Lease shall remain the same . . .
>
> Tenant is hereby granted one (1) additional five (5) year renewal
> option under the same terms and conditions specified in the Lease.
> Said option shall be exercisable upon written notice to Landlord at
> lease [sic] six (6) months prior to the expiration date of the term as
> extended herein;

DE 2, Ex. C, p. 50. The modification also provides that "[e]xcept as herein amended and modified, all other terms, conditions, covenants and agreements thereof are hereby incorporated by reference and shall control and govern." Id. at 51.

Plaintiff argues that the Modification's grant of "one (1) additional five (5) year renewal option" extinguished and replaced the four remaining five year renewal options granted in the original Lease. We agree with the district court that, applying the rules of construction, this is not the case. Under Florida law, "an express provision in a contract cannot generally be varied by an implied one." Niagara Therapy Mfg. Corp. V. Niagara Cyclo Massage, Inc., 196 So. 2d 474, 476 (Fla. 3d DCA 1967). No language in the Modification explicitly extinguishes the four renewal term options that remain under the express provision of the Lease. Instead, the Modification grants one additional lease extension without specifying whether that extension is additional to the one term exercised in the Modification, or to five terms contemplated in the original Lease. Therefore, any negation of the Lease provision by the Modification provision would be implied, and thus disfavored.

Defendant argues that the Modification provision added a sixth renewal option to the original five renewal options provided in the Lease. It is another rule

of contract construction that "[w]here [a] contract is susceptible to an interpretation that gives effect to all of its provisions, the court should select that interpretation over an alternative one that relies on negation of some of the contractual provisions." Fisher v. Certain Interested Underwriters at Lloyds Subscribing to Contract No. 242/99, 930 So. 2d 756, 758-59 (Fla. 4th DCA 2006). In contrast to the Plaintiff's interpretation, Defendant's interpretation gives effect to all express provisions of the contract, which includes both the Lease and the Modification.

The rules of construction clearly favor the Defendant's interpretation of the contract. Because any patent ambiguity in the contract arising from the Modification may be resolved in the Defendant's favor by applying the rules of construction, we hold that summary judgment for the Defendant is proper.[1]

**AFFIRMED.**[2]

---

[1] Although it is unnecessary for us to determine the underlying purpose of the Modification in order to reach this conclusion, we agree with the district court that the express purpose of the Modification bolsters the interpretation reached by the district court.

[2] Appellant's request for oral argument is denied.