405 So.2d 1027 (1981)
Ann Stell McDANIEL, As the Personal Representative of the Estate of I. Granger McDaniel, Appellant,
v.
Helen Hamill BERHALTER, Appellee.
Helen Hamill BERHALTER, Appellant,
v.
Ann Stell McDANIEL, As the Personal Representative of the Estate of I. Granger McDaniel, Appellee.
Nos. 79-2401, 79-2509.
District Court of Appeal of Florida, Fourth District.
October 28, 1981.
Rehearing Denied December 3, 1981.
*1028 Steven J. Gutter of Bofshever, Redlich & Gutter, Fort Lauderdale, for Ann Stell McDaniel.
Philip Jansen of Jansen & DeGance, P.A., Fort Lauderdale, for Helen Hamill Berhalter.
HURLEY, Judge.
We are presented with cross-appeals from a judgment confirming an arbitrator's award and foreclosing a mechanic's lien based on that award. This appeal concerns the question of whether a party can shift the burden of attorney's fees in arbitration by instituting a mechanic's lien foreclosure action. The second issue on appeal is whether the trial court could add arbitration costs and pre-award interest to an arbitration award in rendering a final judgment based on the arbitration award.[1] We affirm in part and reverse in part, and remand the case for further proceedings.
McDaniel, an architect, contracted with Berhalter to provide architectural services in connection with the construction of a residence. McDaniel supplied the contract form which contained a provision whereby the parties agreed to submit disputes to mandatory arbitration.[2]
A dispute arose between the parties concerning the amount due under the contract. McDaniel filed a claim of mechanic's lien and then instituted an action to foreclose the lien pursuant to Sections 713.01-.37, Florida Statutes (1979). Berhalter responded by filing a motion to compel arbitration pursuant to the Florida Arbitration Code, Section 682.03, Florida Statutes (1979). The trial court granted the motion, ordered the parties to submit to arbitration, and abated the judicial proceeding pending arbitration.
*1029 The arbitrator heard evidence and entered an award in favor of McDaniel. The award specified that it was in full settlement of all claims.
About two months after issuance of the award, McDaniel filed a motion in the trial court requesting entry of final judgment based upon the arbitration award. He also requested taxation of fees and costs. At the hearing, Berhalter tendered the amount of the award but failed to tender the interest that had accrued from the time of the arbitrator's award. The court entered a final judgment in favor of McDaniel for the amount of the arbitrator's award, plus costs including the costs of the arbitration, plus interest including interest for a period predating the arbitrator's award. The court also imposed a mechanic's lien on Berhalter's property, and ordered the property sold if the lien were not satisfied within a specified period. No attorney's fees were awarded.
McDaniel appeals claiming that the court improperly denied his request for attorney's fees both for the arbitration and for the foreclosure action. Berhalter appeals claiming that the court erroneously awarded the arbitration costs and interest predating the arbitration award.
This case concerns the interaction of two complex and confusing statutes: The Florida Mechanic's Lien Statute, Sections 713.01-.37, Florida Statutes (1979), and the Florida Arbitration Code, Sections 682.01-.22, Florida Statutes (1979). In Mills v. Robert W. Gottfried, Inc., 272 So.2d 837 (Fla. 4th DCA 1973), we addressed one aspect of their interaction. In that case, the plaintiff had filed a motion to foreclose a mechanic's lien. The defendant moved to dismiss the suit claiming that the parties had a contractual agreement to submit disputes to arbitration. We held that although a plaintiff may be required to arbitrate the issue of its entitlement to payment and the amount thereof, the plaintiff still retains the right to enforce an arbitration award by means of a mechanic's lien. Id. at 839. We also set-out the proper procedure to be followed when a controversy subject to an agreement to arbitrate is before a trial court and a party makes an application to the court pursuant to Section 682.03(2) for an order to compel arbitration. We said:
Normally such an application should be granted. The order for arbitration should stay the judicial proceedings pending a determination of the controversy submitted to arbitration (see Section 682.03(3)). Once the arbitration is completed, the trial court may on motion of either party dissolve the stay order and proceed to confirm, vacate or modify the award in accordance with Sections 682.12-682.14, F.S. 1971, F.S.A., and to enter a judgment in accordance with Section 682.15, F.S. 1971, F.S.A. Contemporaneously therewith, the court may adjudicate the right of the plaintiff to a mechanic's lien for the purpose of enforcing such judgment as plaintiff may obtain.
Id. at 838-839. Mills, however, did not hold that the mere institution of a mechanics lien foreclosure action would operate to change a party's rights under the Arbitration Code.

Attorney's Fees
McDaniel claims that institution of a mechanic's lien action should operate to entitle the prevailing party to attorney's fees, including those incurred during arbitration. McDaniel relies on Section 713.29, Florida Statutes (1979), of the Mechanic's Lien Statute which provides that:
In any action brought to enforce a lien under part I [the mechanic's lien part], the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney for trial and appeal, to be determined by the court, which shall be taxed as part of his costs, as allowed in equitable actions.
However, the general rule in Florida is that attorney's fees associated with arbitration proceedings are recoverable only by statute or by a specific agreement between the parties. Beach Resorts International, Inc. v. Clarmac Marine Construction Co., 339 So.2d 689, 690 (Fla. 2d DCA 1976). The *1030 Florida Arbitration Code does not authorize attorney's fees. Id. at 691. Therefore, fees incurred in contractual arbitration proceedings can only be recovered pursuant to an agreement between the parties. See Loxahatchee River Environmental Control District v. Guy Villa & Sons, Inc., 371 So.2d 111, 112 (Fla. 4th DCA 1979), cert. denied 378 So.2d 346 (Fla. 1979). There is no claim in this case that any such agreement exists.
In Oakdale Park Ltd. v. Byrd, 346 So.2d 648 (Fla. 1st DCA 1977), and Beach Resorts International, Inc. v. Clarmac Marine Construction Co., 339 So.2d 689 (Fla. 2d DCA 1976), our sister courts addressed the question whether attorney's fees incurred in the course of arbitration were recoverable because the party claiming entitlement to the fees had previously filed a suit to foreclose a mechanic's lien and then prevailed in arbitration. Both courts held that the mere institution of an action to enforce a mechanic's lien does not alter the parties rights under the arbitration provision in their contract. Accordingly, we hold that McDaniel had no right to recover attorney's fees for services rendered in the course of arbitration.
An issue remains whether McDaniel had a right to recover any attorney's fees pursuant to the Mechanic's Lien Statute. In Beach Resorts, our sister court said that it would be improper to impose a lien unless the defendant refused to comply with the arbitration award. Id. at 691. In the present action, Berhalter tendered the amount of the arbitration award at the hearing to confirm that award. But Berhalter did not tender the interest which had accrued from the entry of the arbitrator's award (approximately two months). Since the tender was not the full amount due, it was not a good tender. Stager v. Florida East Coast Railway Co., 189 So.2d 192, 194 (Fla. 3d DCA 1966). Thus, the trial court was correct in imposing a lien on Berhalter's property and McDaniel is entitled to recover attorney's fees for those services directly related to enforcing the arbitration award.

Interest
The arbitrator's award stated that it was in full settlement of "all claims." Any claim McDaniel may have had to interest predating the award was extinguished by the award and, therefore, the final judgment's award of interest should have been limited to that which accrued after the date of the arbitration award.
McDaniel argues that we should construe the court's interest award as a permissible modification of the arbitrator's award pursuant to Section 682.14(1)(a) or (c), Florida Statutes (1979). Such a construction would require us to ignore either the facts of this case or the language of Section 682.14. First, the record reveals no indication that the parties or the trial court considered that McDaniel was seeking a modification of the arbitrator's award pursuant to Section 682.14. Second, after reviewing the record we have found no facts that would support a modification pursuant to Section 682.14 which provides in pertinent part (emphasis added):
(1) Upon application made within 90 days after delivery of a copy of the award to the applicant, the court shall modify or correct the award when:
(a) There is an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award.
(c) The award is imperfect as a matter of form, not affecting the merits of the controversy.
We are not convinced that the arbitrator's failure to award interest explicitly and separately constitutes "an evident miscalculation of figures" or is "an evident mistake in ... description." Similarly, we are not convinced that any failure of the arbitrator to award interest is a mere "matter of form." Thus, on the facts of this case, Section 682.14 did not authorize the trial court to modify the arbitrator's award by adding interest for the period predating the award.

Costs
The trial court improperly increased the arbitrator's award by adding the costs *1031 of the arbitration to the final judgment which confirmed the award. The Florida Arbitration Code provides:
Unless otherwise provided in the agreement or provision for arbitration, the arbitrators' and umpire's expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award.
Section 682.11, Florida Statutes (1979) (emphasis added). Since the arbitrator could have awarded costs, the lump sum arbitration award bars McDaniel from seeking arbitration costs in addition to the award.
By contrast, McDaniel could recover the costs incurred in the proceeding brought to seek a judicial confirmation of the arbitration award. Section 682.15, Florida Statutes (1979), provides that the "[c]osts of the application [for confirmation of the arbitration award] and of the proceedings subsequent thereto, and disbursements may be awarded by the court." We note that although McDaniel's motion was styled a "Motion for Final Judgment," the motion was essentially an application for confirmation of the arbitrator's award and for a judgment in conformity therewith pursuant to Sections 682.12[3] and 682.15, Florida Statutes (1979).[4]
Accordingly, we affirm in part and reverse in part and remand the cause with instructions to determine and award the appropriate amount of interest, costs and attorney's fees.
DOWNEY and ANSTEAD, JJ., concur.
NOTES
[1] We find it unnecessary to reach Berhalter's third ground for appeal.
[2] The arbitration provision provided, in part, that:

All claims, disputes and other matters in question between the parties to this Agreement, arising out of, or relating to this Agreement or the breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise... .
The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.
[3] Fla. Stat. § 682.12:

Upon application of a party to the arbitration, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in §§ 682.13 and 682.14.
[4] Fla. Stat. § 682.15:

Upon the granting of an order confirming, modifying or correcting an award, judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree. Costs of the application and of the proceedings subsequent thereto, and disbursements may be awarded by the court.