422 So.2d 898 (1982)
Melvin T. GOLDBERGER, Appellant,
v.
HOFCO, INC., a Florida Corporation, Appellee.
Nos. 81-1524, 82-388.
District Court of Appeal of Florida, Fourth District.
September 1, 1982.
*899 Curtis G. Levine of Baskin & Sears, P.A., Boca Raton, for appellant.
Jerry B. Smith, Coral Springs, and Theodore R. Nelson of Nelson & Feldman, P.A., Bay Harbor Islands, Miami, for appellee.
HURLEY, Judge.
This appeal concerns the interaction of the Florida Mechanics' Lien Law, Sections 713.01 to 713.37, and the Florida Arbitration Code, Sections 682.01 to 682.22, Florida Statutes (1981). At issue is the propriety of the trial court's decision to award interest from the date on which a claim of mechanic's lien was filed rather than the date on which an arbitration award was entered. Under the facts of this case, we hold that interest was recoverable from the date of entry of the arbitration award and, therefore, we affirm in part and reverse in part.
This action arose when the appellant Goldberger filed a complaint to discharge a mechanic's lien. The appellee Hofco, Inc. ("Hofco") counterclaimed to foreclose the lien. The action was stayed pending arbitration pursuant to a contractual arbitration agreement. The arbitrators resolved the dispute and entered an award in favor of Hofco. The award expressly denied interest for the period predating the award.
Goldberger moved to vacate the award. The trial court, however, declined to do so. Rather, it confirmed the award. Thereupon, Hofco, relying on the confirmed arbitration award, filed a motion for summary judgment in the pending mechanic's lien action. The trial court granted the motion and entered judgment for the amount of the arbitration award plus interest. The trial court calculated interest from the date on which the claim of lien was filed as opposed to the date on which the arbitration award was entered. Thus, the trial court's decision conflicts with the arbitration award in that it allows interest which the arbitrators expressly denied.
Hofco attempts to justify the trial court's decision by contending that the foreclosure action could have been avoided if Goldberger had paid the award; because Hofco had to resort to foreclosure to enforce the award, the trial court was empowered to alter the terms of the arbitration award and to assess interest from the date on which the claim of lien was filed. We disagree.
We discussed the interaction of the Mechanics' Lien Law and the Arbitration Code in McDaniel v. Berhalter, 405 So.2d 1027 (Fla. 4th DCA 1981). There a plaintiff sought to foreclose a mechanic's lien based on an arbitration award. We held that the trial court, unless it vacated or modified the award pursuant to the provisions of the *900 Arbitration Code, was bound by the terms of the award. Id.; see Broward County Paraprofessional Ass'n v. School Board of Broward County, 406 So.2d 1252, 1253 (Fla. 4th DCA 1981); Heyman v. Vonelli (Vonelli Construction Co.), 413 So.2d 1254 (Fla. 3d DCA 1982). In particular, we held that a trial court cannot add interest for the period predating the award when the arbitrators have expressly or impliedly denied interest for that period; the claim for pre-award interest is extinguished by the award. 405 So.2d at 1030. Thus, a claimant who bases an action on a confirmed arbitration award is bound by the terms of award, both the good and the bad. The fact that the Mechanics' Lien Law is involved does not change the result.
McDaniel v. Berhalter controls the present case. Here the arbitration award expressly denies pre-award interest. Absent justification to vacate or modify the award, the trial court was without authority to alter the terms. Therefore, we hold that the trial court erred in assessing pre-award interest; it should have limited interest to the amount which accrued after the date of the arbitration award.
The trial court also found that Hofco held a valid mechanic's lien and ordered foreclosure of that lien. Goldberger has asserted that imposition and foreclosure of a lien was improper. We disagree and affirm that portion of the judgment.
Accordingly, we affirm in part, reverse in part, and remand with instructions to enter an amended final judgment consistent with this opinion.
BERANEK, J., and BURNSTEIN, MIETTE K., Associate Judge, concur.