472 So.2d 1356 (1985)
BUENA VISTA CONSTRUCTION COMPANY, etc., Appellant,
v.
CARPENTERS LOCAL UNION 1765 OF the UNITED BROTHERHOOD OF CARPENTERS & JOINERS OF AMERICA, Appellee.
No. 84-1825.
District Court of Appeal of Florida, Fifth District.
July 25, 1985.
*1357 Thomas C. Garwood, Jr., and Christine M. Alber of Thomas C. Garwood, Jr., P.A., Orlando, for appellant.
Gerald S. Livingston of Gerald S. Livingston, P.A., Orlando, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Buena Vista Construction Company appeals from a judgment confirming an arbitration award.
Buena Vista was hired by Walt Disney World Company as a project contractor to oversee the development of Epcot Center. Under this arrangement, Buena Vista hired contractors to perform specific parts of the Epcot construction project. Buena Vista also entered into a construction project agreement with several labor unions, including appellee, Carpenters Local Union 1765 of the United Brotherhood of Carpenters & Joiners of America. This construction project agreement was intended to facilitate the construction by including provisions for wages and benefits, work conditions, labor disputes and grievance procedures. As contractors and subcontractors joined in the Epcot development, they were required to sign the project agreement or to conform to its conditions under a letter of assent.
Carpenters Local 1765 filed a grievance on behalf of three employees of Florida Ceiling and Partition, Inc., a subcontractor and a signatory to the construction agreement. The grievance alleged that the three employees were barred from the construction project by Buena Vista for participating in a fight and were not permitted to return to remove their tools.
After the grievance was filed and denied, a hearing was conducted before an appeals referee who concluded that the employees were not fired by their employer, Florida Ceiling and Partition, Inc., but were denied access to the job site by Buena Vista. The arbitrator also found that it was Buena Vista's policy to bar persons engaged in violence. He ordered Buena Vista to pay each employee involved the wages and fringe benefits he could reasonably have expected to earn for the period from July 21, 1982, the date they were barred, to September 20, 1982, when they were permitted back on the job site, less any sums they may have received from other employment or unemployment insurance during that period. The circuit court entered an *1358 order confirming the award and reserved jurisdiction over compensation for wages.
After the parties were unable to agree on the amount of wages and the value of the tools lost by the grievants, the court entered an order requiring that all evidence on wages be submitted by affidavit. The parties waived argument and stipulated that final judgment could be entered based upon the affidavits. In their affidavits for lost wages the employees included the amounts they had obtained from other sources while they were banned from the job site. The court entered judgment of $33,330.23 in damages for lost wages, $10,000 in attorney's fees and $95 in costs.
On appeal, Buena Vista first contends that the award for lost wages was excessive. The trial judge advised the parties by letter dated October 26, 1984 that he had reviewed the affidavits and accordingly entered a judgment. It was not until November 29, 1984 that Buena Vista raised the objection that the employees had failed to set forth reasonable efforts on their part to mitigate their damages. This, however, was a matter of defense. By agreeing to submit the matter by affidavit, Buena Vista waived its right to inquire as to the employee's efforts to mitigate or to offer further evidence to show that the employees' efforts to mitigate were inadequate.
On the question of attorney's fees, we find merit to Buena Vista's position. The general rule in Florida is that attorney's fees cannot be taxed as costs in any cause, including arbitration proceedings, unless authorized by contract or legislative authority. Codomo v. Emanuel, 91 So.2d 653 (Fla. 1956); Beach Resorts International, Inc. v. Clarmac Marine Construction Co., 339 So.2d 689 (Fla. 2d DCA 1976).
Carpenters Local 1756 filed a motion for attorney's fees pursuant to section 448.08, Florida Statutes, which provides that the court may award fees to the prevailing party in an action for unpaid wages. The instant case was not an action for unpaid wages, since, even though the damages were measured by the amount of lost wages, the basis of the recovery was pursuant to the arbitration clause, as governed by Chapter 682, Florida Statutes, and not the general labor regulations of Chapter 448, Florida Statutes. Florida cases have distinguished attorney's fees for arbitration proceedings from suits to enforce arbitration cases based on the foreclosure of a mechanic's lien. See McDaniel v. Berhalter, 405 So.2d 1027 (Fla. 4th DCA 1981); Beach Resorts International. The mechanic's lien statute expressly authorizes such fees. § 713.29, Fla. Stat. (Supp. 1984). In the case sub judice, the project agreement did not expressly provide for attorney's fees in arbitration proceedings. Additionally, the Florida Arbitration Code excludes attorney's fees for the actual arbitration and only allows for the recovery of costs in subsequent proceedings to confirm or set aside an arbitration decision. §§ 682.11, 682.15, Fla. Stat. (Supp. 1984). Thus the appellees were entitled to the $95 for costs associated with the confirmation proceedings, but not $10,000 for attorney's fees.
We affirm the judgment as to damages and costs, but reverse the award as to attorney's fees.
AFFIRMED in part, and REVERSED in part.
COBB, C.J., and LEE, R.E., Associate Judge, concur.