626 So.2d 969 (1993)
Joe and Ellen LEE, Appellants,
v.
SMITH BARNEY, HARRIS UPHAM & CO., INC., and Richard W. Johnson, Appellees.
No. 92-04057.
District Court of Appeal of Florida, Second District.
September 29, 1993.
Rehearing Denied November 16, 1993.
*970 Robert Dyer and George Franjola of Allen, Dyer, Doppelt, Franjola & Milbrath, P.A., Orlando, for appellants.
Alex J. Sabo and Paul Haralson of Morgan, Lewis & Bockius, Miami, for appellees.
FRANK, Chief Judge.
Joe and Ellen Lee appeal the trial court's final judgment awarding Smith Barney, Harris Upham and Company, Inc. (Smith Barney), an attorney's fee of $20,000. We have considered the two points raised by the Lees; only one merits discussion. We affirm.
The Lees demanded arbitration pursuant to Smith Barney's membership in the American Stock Exchange, whose constitution provides that members "shall arbitrate all controversies arising in connection with their business ... between them and their customers ..., if the customer chooses to arbitrate." After a three day proceeding a panel of arbitrators appointed by the American Arbitration Association entered an award denying all claims filed by the Lees and ordered that the parties "bear their own costs and expenses, including attorney's fees." Thereafter Smith Barney sought modification of the arbitral award in the trial court, contending that the arbitrators had no power under Florida law to decide entitlement to attorney's fees. Smith Barney simultaneously requested fees in a separate motion filed pursuant to section 517.211(6), Florida Statutes (1991), the statute entitling the prevailing party "[i]n any action brought under this section," to reasonable attorney's fees so long as such an award is not deemed "unjust." The trial court agreed with Smith Barney and modified the arbitral award. Thus, it expunged the language that the parties bear their own attorney's fees and awarded Smith Barney a reasonable fee of $20,000. The Lees appealed.
The Lees assert that the Federal Arbitration Act (FAA) grants authority to arbitrators to determine entitlement to attorney fees and that the FAA's provisions supersede or preempt the provisions of the Florida Arbitration Code, which removes attorney's fee questions from the range of arbitrable issues. See § 682.11, Fla. Stat. (1989). The Lees rely upon Todd Shipyards Corp. v. Cunard Line, Ltd., 943 F.2d 1056, 1064 (9th Cir.1991), for the proposition that federal arbitrators are entitled to pass upon the propriety of attorney's fees "in light of the broad power of arbitrators to fashion appropriate remedies." We are mindful of the FAA's arguable preeminence over Florida's arbitration code in circumstances where, as here, interstate commerce is involved, see United Services General Life Co. v. Bauer, 568 So.2d 1321 (Fla. 2d DCA 1990), but we cannot ignore the notion "that the proper approach is to reconcile `the operation of both statutory schemes with one another rather than holding one completely ousted.'" Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Ware, 414 U.S. 117, 128, 94 S.Ct. 383, 389-90, 38 L.Ed.2d 348 (1973) (quoting Silver v. New York Stock Exchange, 373 U.S. 341, 83 S.Ct. 1246, 10 L.Ed.2d 389 (1963)).
The Florida Legislature has expressly provided that attorney's fees for time spent in arbitration are recoverable but only in the trial court upon a motion for confirmation or enforcement of the award. § 682.11, Fla. Stat. (1989). In conformity with the statute, our court's long-established policy has been to exclude the resolution of attorney's fee demands from the arbitrators' authority; Florida defers instead to the expertise of trial judges. See Tassinari v. Loyer, 189 So.2d 651 (Fla. 2d DCA 1966) ("That the legislature chose to exclude [the attorney's fee] question from the arbitrator's determination is a credit to its wisdom"); see also, Fewox v. McMerit Constr. Co., 556 So.2d 419 (Fla. 2d DCA 1989) (en banc), approved sub. nom., Insurance Co. of North America v. Acousti Engineering Co. of Florida, 579 So.2d 77 (Fla. 1991). In contrast, there is nothing in the federal code denominating arbitration as the favored means of establishing a reasonable attorney's fee, nor does the code contain an express preempting provision. As the Supreme Court emphasized in Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University, 489 U.S. 468, 477, 109 S.Ct. 1248, 1254, 103 L.Ed.2d 488 (1989), the FAA does not "occupy the entire field of arbitration" so long as the relevant state law does not require judicial *971 resolution of an issue the parties had agreed to submit to arbitration. The Lees have not demonstrated a conflict between the state and federal codes nor have they shown that the attorney's fee issue was intended for arbitral determination. We therefore reject the claim that the federal preemption doctrine controls the outcome of this matter.
We have not overlooked our state's prominent regard for arbitration as a favored means of dispute resolution, see Roe v. Amica Mutual Insurance Company, 533 So.2d 279, 281 (Fla. 1988), but we have found scant authority inconsistent with the construction that section 682.11 precludes arbitrators from awarding fees. It is true that in Pierce v. J.W. Charles-Bush Securities, Inc., 603 So.2d 625 (Fla. 4th DCA 1992), an arbitration award of attorney's fees was upheld but there the parties stipulated in advance that fees would be an arbitrable issue. The parties here did not agree to submit attorney's fees to the arbitrators.
We approve the modification of the arbitration award and, accordingly, affirm.
CAMPBELL and THREADGILL, JJ., concur.