697 So.2d 912 (1997)
D.H. BLAIR & CO., INC., Appellant,
v.
Howard P. JOHNSON and Iris Johnson, Trustees, and Naftali Feigenbaum, Appellees.
Nos. 95-3368, 96-0290.
District Court of Appeal of Florida, Fourth District.
July 23, 1997.
Rehearing, Clarification, and Rehearing Denied August 27, 1997.
*913 Elliot H. Scherker of Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, and Jeffrey Gilbert of Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Fort Lauderdale, for appellant.
Mark A. Tepper of Mark A. Tepper, P.A., and Jeffrey M. Weissman of Weissman & Dervishi, P.A., Fort Lauderdale, for Appellees-Howard P. Johnson and Iris Johnson, Trustees.
Rehearing, Clarification, and Rehearing En Banc Denied August 27, 1997.
DELL, Judge.
D.H. Blair & Co., Inc. appeals from an award of attorney's fees entered after a National Association of Securities Dealers (NASD) arbitration award in favor of Howard and Iris Johnson ("appellees").
In 1992, appellees signed a cash account agreement with the securities firm of D.H. Blair & Co., Inc. ("appellant"). Pursuant to the agreement, all controversies were to be settled by arbitration. Two years later, appellees commenced arbitration proceedings against appellant and one of its brokers. Appellees claimed that appellant violated the Florida Civil Theft Statute, section 812.014, and the Florida Securities and Investor Protection Act, section 517.301, Florida Statutes (1993). Appellant denied wrongdoing and counterclaimed against appellees. Both parties sought attorney's fees and costs in their respective claims and counterclaim. Each party executed an NASD uniform submission agreement stating that the parties would abide by any arbitration award.
The arbitrators found that appellant violated section 517.301, Florida Statutes, and awarded appellees $32,278.83. The arbitrators also awarded appellees attorney's fees in an amount to be determined by a court of competent jurisdiction. Appellees filed an action to confirm the arbitration award and set the amount of attorney's fees. Appellant moved to vacate the arbitration award claiming that the arbitrators exceeded their powers in determining appellees' entitlement to fees. The trial court confirmed the arbitration award and awarded appellees attorney's fees for the arbitration proceeding and for attorney's fees incurred after the award. The trial court awarded attorney's fees for Mark Tepper in the amount of $269,464.00 and for Jeffrey M. Weissman in the amount of $29,655.50.
Appellant contends that the arbitrators exceeded their authority when they awarded attorney's fees. Further, appellant asserts that the trial court erred in awarding appellees attorney's fees for post-arbitration representation and for the work performed by Jeffrey Weissman. Appellant also contends that the amount of the attorney's fees award is excessive.
We agree with appellant's argument that the arbitration panel did not have authority under Florida law to award fees.[1] In Turnberry Associates v. Service Station Aid, Inc., 651 So.2d 1173 (Fla.1995), the supreme court held that an arbitrator has no authority to award attorney's fees absent an express *914 waiver of the limitation contained in section 682.11, Florida Statutes (1993). The court stated:
As the Fourth District points out, "Under the current policy of broad construction in favor of arbitration, such a narrow and restrictive reading [of section 682.11] is certainly questionable." Arbitration itself, of course, is a voluntary alternative method for the resolution of disputes. Absent a clear directive from the legislature, we see no reason why the parties may not also voluntarily agree to allow the collateral issue of attorney's fee to be decided in the same forum as the main dispute. We do not read section 682.11 as such a clear directive.
Turnberry, 651 So.2d at 1175 (citation and footnote omitted).
Appellees argue that the parties agreed to submit the issue of attorney's fees to the arbitrators by their actions. They point out that both parties sought attorney's fees in their claims and counterclaim and that by their execution of the NASD submission agreement, they agreed that "all controversies or disputes between us of any kind shall be settled by arbitration." While we find appellees' argument persuasive, we conclude that the supreme court has expressly limited its holding that the parties may voluntarily agree to submit an attorney's fees issue to an arbitration panel to an express agreement:
Notwithstanding our ruling today, we will continue to permit trial courts, in the event a dispute arises, to enjoy exclusive jurisdiction to resolve the factual issue of whether the parties have waived their statutory right to have the court decide the fee issue. Under section 682.11, as previously construed by this Court, the parties continue to have the right to have the issue of attorney's fees decided in court if they wish. The arbitrator has no authority to award fees absent an express waiver of this statutory right.
Id. at 1175. Based on Turnberry, we must hold that the parties' actions did not constitute an express waiver of their right to have the court decide the issue of attorney's fees.
We also reverse the attorney's fees awarded for Jeffrey M. Weissman. The Florida Rules of Professional Conduct provide that "[n]o lawyer or firm may participate in [a contingent attorney's] fee without the consent of the client in writing." R. Regulating Fla. Bar 4-1.5(f)(2). Here, Weissman had no signed retainer agreement or contract with the Johnsons and, consequently, the trial court erred when it awarded attorney's fees for his services. See Perez v. George, Hartz, Lundeen, Flagg & Fulmer, 662 So.2d 361, 362 (Fla. 3d DCA), rev. denied, 666 So.2d 143 (Fla.1995).
Finally, we hold that appellant has not demonstrated reversible error in the amount of attorney's fees awarded for Mark Tepper or in the award of attorney's fees for postarbitration representation. See State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830 (Fla.1993).
Accordingly, we reverse the trial court's confirmation of the arbitrator's award of attorney's fees, with leave to the trial court to reinstate the amount of its award of attorney's fees for Mark Tepper, upon a determination of appellees' entitlement to such fees. We remand this cause to the trial court for further proceedings consistent herewith.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
STONE, C.J., and SHAHOOD, J., concur.
NOTES
[1] Section 682.11, Florida Statutes (1993) provides:

Unless otherwise provided in the agreement or provision for arbitration, the arbitrators' and umpires' expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award. (Emphasis added).