751 So.2d 143 (2000)
Marshall R. CASSEDY, Jr., Appellant,
v.
MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Appellee.
No. 1D98-2606.
District Court of Appeal of Florida, First District.
January 27, 2000.
*144 Ben H. Wilkinson and Cynthia S. Tunnicliff, of Pennington, Moore, Wilkinson, Bell & Dunbar, P.A., Tallahassee, and Thomas D. Birge and Cathryn B. Mayers, of Birge & Mayers, P.C., Denver, Colorado, for Appellant.
Nicholas V. Pulignano, Jr., of Marks, Gray, Conroy & Gibbs, P.A., Jacksonville, for Appellee.
KAHN, J.
This case involves an appeal and cross-appeal following the circuit court's review of an arbitration award entered in favor of appellant, Marshall R. Cassedy, Jr. We affirm, without discussion, the points raised on cross-appeal concerning the circuit court's denial of a complaint to vacate the arbitration award filed by appellee and cross-appellant, Merrill Lynch, Pierce, Fenner & Smith, Incorporated (Merrill Lynch). For the reasons discussed below, we reverse the circuit court's order setting *145 aside the arbitration panel's award of attorney's fees to Cassedy.

PROCEDURAL HISTORY
Merrill Lynch terminated Cassedy in February 1993. The parties agreed to submit the controversy surrounding Cassedy's termination to arbitration because of Merrill Lynch's membership in the National Association of Securities Dealers, Incorporated (NASD), a voluntary self-regulatory organization. Accordingly, in January 1995, Cassedy filed a Statement of Claim against Merrill Lynch with the NASD. In his Statement of Claim, Cassedy sought compensatory and consequential damages, payment of compensation benefits, and punitive damages. Cassedy included a separate claim for attorney's fees pursuant to Florida law. At the same time, Cassedy also filed a Uniform Submission Agreement, in which he agreed to submit "the attached statement of claim, answers, cross claims and all related counterclaims and/or third party claims which may be asserted, to arbitration...."
Merrill Lynch filed a Statement of Answer with the NASD. This answer did not specifically address Cassedy's claim for attorney's fees, although Merrill Lynch indicated that it "denies each and every allegation of the Statement of Claim...." Merrill Lynch also filed a Uniform Submission Agreement which it agreed to submit "the present matter in controversy, as set forth in the attached statement of claim, answers and all related counterclaims and/or third party claims which may be asserted, to arbitration...."
On March 6, 1996, Cassedy filed an Amended Statement of Claim, which deleted one sentence concerning damages. Merrill Lynch then filed a Motion to Dismiss Amended Statement of Claim and Memorandum of Law. In this motion, among other things, Merrill Lynch objected to arbitration of Cassedy's attorney's fee claim under section 448.08. Specifically, Merrill Lynch asserted that "when `unpaid wages' are sought in an arbitration, § 448.08 does not apply." In support of this assertion, Merrill Lynch cited Buena Vista Construction Co. v. Carpenters Local Union, 472 So.2d 1356 (Fla. 5th DCA 1985), and McDaniel v. Berhalter, 405 So.2d 1027 (Fla. 4th DCA 1981). Merrill Lynch's motion was apparently denied in its entirety. During the arbitration proceedings, Merrill Lynch repeatedly argued that the panel should deny Cassedy's claim for attorney's fees under section 448.08 because that statute did not apply to this arbitration. Merrill Lynch also requested that the panel award it attorney's fees.
In a decision issued July 7, 1997, a panel of three arbitrators found Merrill Lynch liable and awarded Cassedy over $300,000 in compensatory damages and over $160,000 in attorney's fees pursuant to section 448.08, Florida Statutes. The panel denied Cassedy's requests for punitive and consequential damages. The panel also denied Merrill Lynch's request for attorney's fees.
Cassedy subsequently filed a motion to confirm the arbitration award in the Circuit Court for Leon County. Merrill Lynch then filed a motion to vacate the arbitration award in the circuit court, arguing, among other things, that an award of attorney's fees for arbitration is a matter for judicial determination under section 682.11, Florida Statutes, unless waived. Section 682.11, Florida Statutes (1993), is part of the Florida Arbitration Code and provides that "[u]nless otherwise provided in the agreement or provision for arbitration, the arbitrators' and umpire's expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award."
In its complaint and during the hearings before the circuit court, Merrill Lynch argued that it had asserted throughout the arbitration proceedings that section 448.08 did not apply to arbitration and, as set forth in the brief to this court, "consistently took the position that the issue of attorney *146 fees was not properly before the arbitration panel and specifically cited to the arbitration panel § 682.11, Fla. Stat., which expressly removes attorney fees from the range of arbitrable issues." Merrill Lynch maintained that the arbitration panel lacked jurisdiction to award attorney's fees absent a voluntary agreement by the parties. See Turnberry Assocs. v. Service Station Aid, Inc., 651 So.2d 1173 (Fla.1995).
On June 10, 1998, the circuit court entered an Order on Attorney Fees. In this order, the court cited Turnberry and explained that the arbitration panel "has no authority to award fees absent an express waiver...." The court then made the following findings:
In reviewing the pleadings filed by the Plaintiff and the transcript of the arbitration proceeding, this Court can only find there may have been an implied waiver as to the attorney's fee issue and not an express waiver, and further the Plaintiff specifically objected, on the record, as to the issue of attorney's fees....
The court therefore concluded that Merrill Lynch did not expressly waive its right to have the attorney's fee issue decided in court pursuant to section 682.11 and, thus, the arbitration panel had no authority to consider that issue. Accordingly, the court set aside the panel's award of attorney's fees and directed that the issue of entitlement to and amount of attorney's fees be determined by the circuit court.
Cassedy has appealed the order on attorney's fees and raises two points. First, Cassedy argues that the Federal Arbitration Act (FAA) preempts section 682.11. Second, Cassedy argues that the circuit court erred in finding no express waiver occurred regarding the right to have a court determine the attorney's fee issue under section 682.11. We disagree with the first point, but reverse on the second point.

PREEMPTION OF SECTION 682.11
Another district court of appeal has rejected the preemption argument Cassedy raises as his first point. See Lee v. Smith Barney, Harris Upham & Co., 626 So.2d 969 (Fla. 2d DCA 1993). "The Federal Arbitration Act was enacted pursuant to the commerce clause of the United States Constitution and supersedes inconsistent state law." Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Melamed, 405 So.2d 790, 792 (Fla. 4th DCA 1981), approved, 476 So.2d 140 (Fla.1985). In Melamed, the Fourth District explained that, where the Federal Arbitration Act conflicts with Florida law, the federal law controls:
The supremacy clause requires us to resolve any inconsistency between the two laws in favor of the federally created right, and to subordinate Florida law to the supreme law of the land. We therefore hold that Florida courts must recognize and apply the Federal Arbitration Act and that arbitration agreements which are valid and enforceable under the federal law are also valid and enforceable in Florida courts.
Melamed, 405 So.2d at 792. See Powertel, Inc. v. Bexley, 743 So.2d 570, 573 (Fla. 1st DCA 1999) (explaining that "[a]n arbitration clause in a contract involving interstate commerce is subject to the Federal Arbitration Act" and noting that the Florida Arbitration Code "applies in such cases only to the extent that it is not in conflict with federal law").
In Lee, the Second District considered and rejected the argument that the FAA preempted section 682.11, Florida Statutes. 626 So.2d at 970-71. A panel of arbitrators denied all of the Lees' claims and ordered that the parties "bear their own costs and expenses, including attorney's fees." Id. at 970. Smith Barney then sought a modification of the arbitration order in the circuit court, arguing that the arbitrators had no power under Florida law to decide entitlement to attorney's fees, and filed a motion requesting fees. *147 Id. The circuit court agreed and granted fees to Smith Barney. Id. On appeal, the Lees argued that "the Federal Arbitration Act (FAA) grants authority to arbitrators to determine entitlement to attorney fees and that the FAA's provisions supersede or preempt the provisions of the Florida Arbitration Code, which removes attorney's fee questions from the range of arbitrable issues." Id. The Second District recognized "the FAA's arguable preeminence over Florida's arbitration code in circumstances where, as here, interstate commerce is involved," but explained that "`the proper approach is to reconcile `the operation of both statutory schemes with one another rather than holding one completely ousted.''" Id. (quoting Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Ware, 414 U.S. 117, 128, 94 S.Ct. 383, 38 L.Ed.2d 348 (1973) (quoting Silver v. New York Stock Exchange, 373 U.S. 341, 83 S.Ct. 1246, 10 L.Ed.2d 389 (1963))). The court rejected the preemption argument because Florida's provision concerning attorney's fees in arbitration could be reconciled with the FAA and the parties in the case had not agreed to submit the fee issue to arbitration:
The Florida Legislature has expressly provided that attorney's fees for time spent in arbitration are recoverable but only in the trial court upon a motion for confirmation or enforcement of the award. § 682.11, Fla. Stat. (1989). In conformity with the statute, our court's long-established policy has been to exclude the resolution of attorney's fee demands from the arbitrators' authority; Florida defers instead to the expertise of trial judges.... In contrast, there is nothing in the federal code denominating arbitration as the favored means of establishing a reasonable attorney's fee, nor does the code contain an express preempting provision. As the Supreme Court emphasized in Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University, 489 U.S. 468, 477, 109 S.Ct. 1248, 103 L.Ed.2d 488 ... (1989), the FAA does not "occupy the entire field of arbitration" so long as the relevant state law does not require judicial resolution of an issue the parties had agreed to submit to arbitration. The Lees have not demonstrated a conflict between the state and federal codes nor have they shown that the attorney's fee issue was intended for arbitral determination. We therefore reject the claim that the federal preemption doctrine controls the outcome of this matter.
Id. at 970-71.
Similarly, in this case, Cassedy has not demonstrated a conflict between the state and federal codes with regard to attorney's fee provisions. Indeed, Cassedy did not even present a preemption argument in his response to Merrill Lynch's motion to vacate the arbitration award. Further, at the hearing before the circuit court, Cassedy's attorney only briefly mentioned the preemption issue; the thrust of his argument was that Turnberry controlled and, under Turnberry, an express waiver occurred. Accordingly, because Cassedy has not demonstrated any conflict between the state and federal codes, we reject his argument that the FAA preempts section 682.11.

EXPRESS WAIVER
We agree with Cassedy's second point on appeal, however, and hold that the parties in this case, by their words and actions, expressly waived their right to have a court decide the issue of attorney's fees. In Turnberry, the Florida Supreme Court held that "parties by agreement may waive their entitlement to have the circuit court decide the issue of attorney's fees [under section 682.11] and by doing so may confer subject matter jurisdiction upon an arbitrator to award attorney's fees." 651 So.2d at 1175. The court explained that "trial courts, in the event a dispute arises, [continue] to enjoy exclusive jurisdiction to resolve the factual issue of whether the parties have waived their statutory right *148 to have the court decide the fee issue." Id. Further, under section 682.11, "the parties continue to have the right to have the issue of attorney's fees decided in court if they wish" and "[t]he arbitrator has no authority to award fees absent an express waiver of this statutory right." Id.
In arguing that the circuit court properly found no express waiver occurred in this case, Merrill Lynch relies on D.H. Blair & Co. v. Johnson, 697 So.2d 912 (Fla. 4th DCA 1997), review dismissed, 728 So.2d 202 (Fla.1998), cert. denied, ___ U.S. ___, 119 S.Ct. 1460, 143 L.Ed.2d 545 (1999). Like this case, Blair involved an NASD arbitration award and attorney's fees. See Blair, 697 So.2d at 913. In the claims submitted to arbitration, both parties sought attorney's fees. Id. "Each party executed an NASD uniform submission agreement stating that the parties would abide by any arbitration award." Id. The arbitrators found that appellant violated section 517.301, Florida Statutes, and awarded appellees damages. Id. The arbitrators also awarded attorney's fees to appellees "in an amount to be determined by a court of competent jurisdiction." Id. Appellees subsequently filed an action to confirm the arbitration award and set the amount of fees. Id. Appellant moved to vacate the arbitration award, asserting that the arbitrators exceeded their power in determining entitlement to fees. Id. The circuit court confirmed the award and awarded appellees attorney's fees. Id. On appeal, the Fourth District agreed with appellant's argument that the arbitrators did not have authority under Florida law to award attorney's fees. Id. The court rejected appellees' contention that the parties had agreed to submit the attorney's fee issue to the arbitration panel:
Appellees argue that the parties agreed to submit the issue of attorney's fees to the arbitrators by their actions. They point out that both parties sought attorney's fees in their claims and counterclaim and that by their execution of the NASD submission agreement, they agreed that "all controversies or disputes between us of any kind shall be settled by arbitration." While we find appellees' argument persuasive, we conclude that the supreme court has expressly limited its holding that the parties may voluntarily agree to submit an attorney's fees issue to an arbitration panel to an express agreement.... Based on Turnberry, we must hold that the parties' actions did not constitute an express waiver of their right to have the court decide the issue of attorney's fees.
Id. at 914. The court therefore reversed the confirmation of the arbitrator's award of attorney's fees and remanded the case to the circuit court for a determination of appellees' entitlement to such fees. Id.
We decline to adopt the reasoning and holding of Blair. Blair seems to require that the parties prepare a separate written agreement explicitly indicating they have waived their right to have a circuit court determine attorney's fees. We do not believe Turnberry requires this. We also do not believe that section 682.11 requires this.
During the arbitration proceedings, Merrill Lynch argued that the panel had no authority to award fees and, in support of this argument, Merrill Lynch cited Buena Vista and McDaniel. Both of these cases involve attorney's fee claims considered by the circuit court after arbitration proceedings. See Buena Vista, 472 So.2d at 1357; McDaniel, 405 So.2d at 1029. In both cases, the appellate court found such an award unauthorized by statute or contract. See Buena Vista, 472 So.2d at 1358; McDaniel, 405 So.2d at 1029-30. The basis of Merrill Lynch's argument, therefore, was that fees were not authorized at all for arbitration of this particular dispute. We are unable to read Merrill Lynch's submissions to the arbitration panel as contending that fees would only be available in circuit court after the conclusion of the arbitration. We note again that Merrill *149 Lynch affirmatively sought an award of fees in conjunction with the arbitration.
In Turnberry, as explained above, the supreme court indicated that "the parties by agreement may waive their right to have the circuit court decide the issue of attorney's fees" pursuant to section 682.11. 651 So.2d at 1175. The court further indicated that "[t]he arbitrator has no authority to award fees absent an express waiver of this statutory right." Id. We hold that no "express agreement" devoted exclusively to the question of attorney's fees is necessary, and the parties may, by their actions, filings, and submissions, expressly waive their right to insist that only a court decide the issue of attorney's fees.
Applying this holding to the facts before us, we find that an express waiver occurred in this case. In their Uniform Submission Agreements, both parties agreed to submit to arbitration all the claims raised in the statement of claim, which included the claim for attorney's fees. The parties also agreed to other provisions such as: (1) the time and place for the hearing as designated by the director of arbitration or the arbitrators; (2) that the arbitration would be conducted under NASD rules; (3) that the parties would abide by and perform any award rendered; and (4) that a judgment could be entered by a court of competent jurisdiction. The parties affirmatively represented to each other in the Uniform Submission Agreement that they had read the procedures and rules of the NASD. In executing the Uniform Submission Agreement, Merrill Lynch made no reference to, and certainly no reservation of, the right to a judicial determination of the attorney's fee claim set forth in Cassidy's statement of claim. Based upon undisputed facts, therefore, we conclude that the parties specifically and expressly agreed, in every sense of these words, that the arbitration panel would determine the attorney's fee issue. See GCA, Inc. v. 90 S.W. 8th St. Enters., Inc., 696 So.2d 1230, 1233 (Fla. 3d DCA 1997) ("[I]n order for an express waiver to be found, there must be either a stipulation during the course of arbitration or a specific finding based on substantial, competent evidence that the parties agreed to submit the attorney's fee issue to the arbitrator."); Robert Gay Constr. Co. v. CECO Bldg. Sys., 680 So.2d 1124 (Fla. 1st DCA 1996) (reversing circuit court's award of attorney's fees to appellee as prevailing party where appellee submitted issue of prevailing party to arbitrator and, therefore, waived right to have circuit court decide prevailing party issue); Dean Witter Reynolds, Inc. v. Wood, 676 So.2d 464, 466 (Fla. 5th DCA 1996) (affirming the circuit court's vacation of an attorney's fee award entered by NASD arbitration panel because "[t]he record before us reveals there was no meeting of the minds on who should determine the attorney fee award and there is no express waiver as contemplated in Turnberry"); Pierce v. J.W. Charles-Bush Sec., Inc., 603 So.2d 625 (Fla. 4th DCA 1992) (reversing en banc the decision of circuit court and remanding for entry of order confirming arbitration panel's denial of prevailing party attorney's fees to appellee where parties had stipulated on record, during arbitration proceedings, that arbitrators would also determine issue of entitlement to attorney's fees). Cf. Solomon v. Sirkus, 682 So.2d 676, 676 (Fla. 4th DCA 1996) (reversing trial court's denial of motion to vacate arbitration panel's award of attorney's fees because "[t]he record supports appellant's argument that in the underlying arbitration proceedings the parties did not stipulate to confer jurisdiction upon the arbitrators to decide the attorney's fee issue").
Further, Merrill Lynch did not assert before the arbitration panel that it would insist on its right to have a circuit court decide the attorney's fee claim under section 682.11. Instead, Merrill Lynch argued only that attorney's fees were not awardable pursuant to section 448.08 for an arbitration proceeding. Merrill Lynch thus actively litigated the issue of entitlement *150 to attorney's fees before the arbitration panel, after expressly agreeing to submit all claims to the arbitration panel and to allow a judgment to be entered by the circuit court at the conclusion of the arbitration. Although Merrill Lynch asked the arbitrators to deny Cassidy's claim for fees, it failed to suggest that such a claim would be cognizable only in circuit court. Merrill Lynch's very contention regarding attorney's fees asks the arbitrators to decide the question of entitlement to fees and not to refrain from addressing attorney's fees in any way. Our characterization of Merrill Lynch's approach to attorney's fees is confirmed by the fact that Merrill Lynch also made a fee request of its own in the arbitration proceeding. Therefore, we conclude that the parties expressly waived their right to insist that a court decide the attorney's fee issue. We recognize that the supreme court has indicated that waiver is a factual issue. See Turnberry, 651 So.2d at 1175. In this case, the circuit court misapplied the law concerning waiver to the undisputed facts presented.

POLICY FAVORING ARBITRATION
In reaching our conclusion, we note the long-standing public policy in favor of arbitration proceedings and the expeditious resolution of cases through such proceedings. See, e.g., KFC Nat'l Management Co. v. Beauregard, 739 So.2d 630, 631 (Fla. 5th DCA 1999) ("Public policy favors arbitration as an efficient means of settling disputes, because it avoids the delays and expenses of litigation."); Beverly Hills Dev. Corp. v. George Wimpey of Fla., Inc., 661 So.2d 969, 971 (Fla. 5th DCA 1995) ("Florida law favors arbitration over litigation to resolve private disputes.... There is a strong public policy favoring arbitration."). See also Perry v. Thomas, 482 U.S. 483, 489, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987) (explaining that Federal Arbitration Act "embodies a clear federal policy of requiring arbitration unless the agreement to arbitrate is not part of a contract evidencing interstate commerce or is revocable `upon such grounds as exist at law or in equity for the revocation of any contract'"); Southland Corp. v. Keating, 465 U.S. 1, 10, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984) ("In enacting § 2 of the federal Act, Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration."). In light of this policy, we see little sense, efficiency, or practicality, in strictly requiring a bifurcated procedure, particularly in cases such as this, where the parties, by their words and actions, waived their right to have a circuit court decide the attorney's fee issue.
In Florida, arbitration is a favored means of dispute resolution and courts should indulge every reasonable presumption to uphold proceedings resulting in an award. See Roe v. Amica Mut. Ins. Co., 533 So.2d 279, 281 (Fla.1988). Review of arbitration decisions is extremely limited. See Boyhan v. Maguire, 693 So.2d 659, 662 (Fla. 4th DCA 1997). A reviewing court may not comb the record of an arbitration hearing for errors of fact or law inherent in the decision-making process. See id. No provision in the Florida Arbitration Code authorizes trial judges to act as reviewing courts in the same way that a court of appeals reviews trial judges' legal decisions. See J.J.F. of Palm Beach, Inc. v. State Farm Fire & Casualty Co., 634 So.2d 1089, 1090 (Fla. 4th DCA 1994). A high degree of conclusiveness attaches to an arbitration award because the parties themselves chose to go this route to avoid the expense and delay of litigation. See Applewhite v. Sheen Financial Resources, Inc., 608 So.2d 80, 83 (Fla. 4th DCA 1992). The arbitrators are the sole and final judges of the evidence and the weight to be given it. See Verzura Constr., Inc. v. Surfside Ocean, Inc., 708 So.2d 994 (Fla. 3d DCA 1998) (citing City of West Palm Beach v. Palm Beach County Police Benevolent Ass'n, 387 So.2d 533, 534 (Fla. 4th DCA 1980)).
*151 The result reached by the trial court here, and by the Fourth District in Blair, sets the stage for two distinct, and potentially complex, proceedings with full appellate review and attendant delay attached to each proceeding. In a lengthy and complex arbitration matter, the entire beneficent purpose of alternative dispute resolution would be sacrificed to a rigid notion that attorney's fees must be decided in a separate proceeding by a circuit judge, contrary to the spirit of Turnberry.
We also question the assumption that trial courts sit in a better position than arbitrators to decide entitlement to attorney's fees. See, e.g., Lee, 626 So.2d at 970 ("In conformity with the statute [section 682.11], our court's long-established policy has been to exclude the resolution of attorney's fee demands from the arbitrators' authority; Florida defers instead to the expertise of trial judges."); Fewox v. McMerit Constr. Co., 556 So.2d 419, 421-22 (Fla. 2d DCA 1989) ("The legislature apparently eliminated attorney's fees from the subject matter jurisdiction of arbitration because arbitrators are generally businessmen chosen for their expertise in the particular subject matter of the suit and have no expertise in determining what is a reasonable attorney's fee."). Attorney's fee issues are no more complex than tort or contract or other issues that arbitration panels routinely decide. The present case, for instance, involved claims for defamation and punitive damages. These are both very specific legal concepts, often subject to disputation in complex legalistic arguments. As the Second District noted in Fewox, "arbitrators are generally businessmen chosen for their expertise in the particular subject matter of the suit." 556 So.2d at 421-22. We do not agree, however, that characterization of someone as a business person somehow makes that person less apt than a judge at determining an award of attorney's fees. Business persons, unlike judges, are in the economy. They may well be as adept as judges at determining the value of services, including legal services, that are routinely offered and purchased in the economy. Indeed, the Florida Supreme Court seems to share our view as it has provided that parties may agree to waive their right to have the circuit court decide the issue of attorney's fees under section 682.11. See Turnberry, 651 So.2d at 1175; see also Barron Chase Sec., Inc. v. Moser, 745 So.2d 965, 967 (Fla. 2d DCA 1999) (citing Turnberry and explaining that "the legislature's seeming reservation regarding the ability of arbitrators to decide issues of attorney's fees is not shared by the supreme court").

CONCLUSION
We recognize that the express waiver language utilized by the Supreme Court might be construed, as in the Blair decision, to mean only a separate agreement addressing attorney's fees. Such a construction, however, would frustrate the efficiency and economy of alternative dispute resolution, and for little or no gain in return. We AFFIRM the circuit court's denial of Merrill Lynch's complaint to vacate the arbitration award. We REVERSE the circuit court's order setting aside the award of attorney's fees and REMAND for reinstatement of attorney's fees as awarded by the arbitrators in favor of Cassedy.
BARFIELD, C.J., and MINER, J., CONCUR.