Roderick J. MOELLER,
et al., Petitioners,

v.

Marshall R. CASSEDY, Jr.,
et al., Respondents.

No. 4:03 MC 7–SPM.

United States District Court,
N.D. Florida,
Tallahassee Division.

March 28, 2005.

---

Russell Cornelius Weigel, III, Esq, Montello & Kenney Pa, Miami, FL, for Petitioners.

Patrick Edward Gonya, Esq, Fowler White Burnett Pa, Miami, FL, Kenneth Wayne Sukhia, Esq, Fowler White Boggs Etc, Tallahassee, FL, Thomas D Birge, Esq, Carla B Minckley, Esq, Birge & Minckley P, Denver, CO, for Respondents.

*CORRECTED* [1] *ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY'S FEES AND SETTING BRIEFING SCHEDULE TO ESTABLISH AMOUNT*

MICKLE, District Judge.

This cause comes before the Court on Petitioners' motion for award of attorney's fees (doc. 30), Respondent Cassedy's response in opposition (doc. 33), additional case law Petitioners submitted in support of their motion (doc. 39) and reply memoranda (docs. 35 and 36), which the Court will accept for filing. Upon consideration of the arguments presented by the parties and being otherwise fully advised in the premises, the Court finds that Petitioners are not entitled to an award of attorney's fees Incurred during the arbitration proceeding. Petitioners are, nevertheless, entitled to an award of attorney's fees incurred during the instant proceeding to confirm the arbitration award.

### 1. Petitioners waived their right to a court determination of attorney's fees incurred during arbitration

■ While the Federal Arbitration Act [2] governs arbitration proceedings involving interstate commerce, including the NASD [3] arbitration at issue in the instant case, Florida law provides the substantive basis for awarding attorney's fees. *Lee v. Smith Barney, Harris Upham & Co., Inc.,* 626 So.2d 969, 970 (Fla.2d Dist.Ct.App. 1993), § 517.211(6), Fla. Stat. Under Florida law, the issue of attorney's fees is gen-

erally determined by a court upon confirmation or enforcement of an arbitration award because the determination of attorney fees is statutorily excluded from the arbitrators' authority. *Id.,* § 682.11, Fla. Stat. The parties to an arbitration may, however, agree to submit the determination of attorney's fees to arbitration and waive the right to a judicial determination. *Id., Cassedy v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 751 So.2d 143, 147–49 (Fla. 1st Dist.Ct.App.2000).

■ In the Instant case, Petitioners concede that they signed a NASD uniform submission agreement, which provided;

> The undersigned parties hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, cross claims and all related counterclaims and/or third party claims which may be asserted, to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations and/or Code of Arbitration Procedure of the sponsoring organization.

Petitioners also concede that both sides requested attorney's fees in their arbitration pleadings and asked for such relief in their closing arguments. These actions by Petitioners are sufficient to constitute an express waiver of their right to have a court decide the issue of attorney's fees. *Id.* at 149; *contra D.H. Blair & Co., Inc. v. Johnson,* 697 So.2d 912, 914 (Fla. 4th Dist. Ct.App.1997) (finding no waiver despite parties' execution of agreement to submit all claims and request for attorney's fee in their claims and counterclaim).

---

1. This corrected order addresses scrivener's errors on pages 1, 3, and 5 of the original order as identified by Petitioners. See doc. 43. In all other respects, the text of the corrected order is the same as the original order.

2. 9 U.S.C. §§ 1–16

3. National Association of Securities Dealers

The arbitrators In this case recognized in their written award that Petitioners and Respondent Cassedy were seeking attorney's fees. In the award, however, the arbitrators denied attorney's fees to both sides. The award expressly provides: "Any and all claims for relief not specifically addressed herein, including [Petitioners'] request for punitive (treble) damages and attorney's fees are denied. Respondent Cassedy's requests for attorney's fees are denied."

Petitioners contend that this portion of the award is void because the arbitrators had no jurisdiction to determine attorney's fees and jurisdictional issues cannot be waived. As explained above, however, Florida law allows for the parties by agreement to confer jurisdiction upon arbitrators to determine attorney's fees, despite the statutory exclusion of attorney's fees from arbitrable matters. *Turnberry Assocs. v. Serv. Station Aid, Inc.,* 651 So.2d 1173, 1175 (Fla.1995); *Cassedy,* 751 So.2d at 147–48; *D.H. Blair,* 697 So.2d at 913–14. The Federal Arbitration Act, which also governs these proceedings, contains no exclusion of attorney's fees from the scope of arbitratable issues. Likewise, the NASD arbitration code contains no such exclusion.[4]

Based on the foregoing, the Court finds that Petitioners are not entitled to attorney's fees Incurred during the arbitration proceeding because Petitioners waived their right to a court determination of attorney's fees and conferred jurisdiction upon the arbitrators to determine attorney's fees, which the arbitrators denied. Petitioners are bound by the arbitrators' determination.[5] Accordingly, to the extent Petitioners seek an award for attorney's fees incurred during arbitration, their motion is denied.

## 2. Petitioners are entitled to attorney's fees for confirmation of the arbitration award.

■ The arbitration award finds in favor of Petitioners and against Respondent Cassedy on a statutory violation of the Florida Securities Act, § 517.301, Fla. Stat. Despite Respondent Cassedy's argument that no statutory violation was found, the arbitration award acknowledges in the case summary that Petitioners raised a statutory claim under § 517.301, Fla. Stat.

---

4. See Rule 10332, NASD arbitration code, which provides in relevant part:

    In addition to forum fees, the arbitrator(s) may determine in the award the amount of costs incurred pursuant to Rules 10319, 10312, 10322, and 10326 and, unless applicable law directs otherwise, *other costs and expenses of the parties and arbitrator(s) which are within the scope of the agreement of the parties.*

    (emphasis supplied). Under this provision, arbitrators may award attorney fees. *WMA Securities, Inc. v. Wynn,* 105 F.Supp.2d 833, 839–40 (S.D.Ohio 2000).

5. Even if the arbitrators exceeded their authority in deciding the issue of attorney's fees, Petitioners are not entitled to relief because they have not timely sought to vacate the arbitration award under the Federal Arbitration Act. *Cullen v. Paine, Webber, Jackson & Curtis, Inc.,* 863 F.2d 851, 853–54 (11th Cir. 1989). A final judgment closing the instant case has already been entered and the instant motion to determine attorney fees is a collateral issue that does not affect the finality of the judgment. *In re Atlas,* 210 F.3d 1305, 1307 (11th Cir.2000), Moreover, Petitioners have not sought to modify or correct the award under Florida law. §§ 684.14 and 10, Fla. Stat; *Nationsbanc Securities, Inc. v. Aron,* 787 So.2d 881, 884 (Fla. 2d DCA 2001) (party seeking to enforce an arbitration award, but not exactly how it is written, must request modification or clarification from the panel within the statutory time limits).

and expressly states in the award that Respondent Cassedy is "liable on the claims of suitability; misrepresentation; failure to supervise; *violation of the Florida Securities Act;* and fraud ...." Doc. 30, Attachment 1 (emphasis supplied). The wording of the award is sufficient to establish that Petitioners prevailed on a claim for which they enjoy a statutory right to attorney fees.

■ Furthermore, viewing their success as a whole, Petitioners are the prevailing parties. A prevailing party is one that "prevail[s] on the significant issues in the litigation." *Moritz v. Hoyt Enter., Inc.,* 604 So.2d 807, 810 (Fla.1992). Petitioners in this case were awarded most of the compensatory damages that they sought and succeeded in confirming the arbitration award over Respondent Cassedy's challenges. In contrast, all relief requested by Respondent Cassedy has been denied.

Section 517.211(6), Fla. Stat., provides: "in any action brought under this section, including an appeal, the court shall award reasonable attorneys' fees to the prevailing party unless the court finds that the award of such fees would be unjust," Although the arbitrators denied Petitioners an award for attorney's fees incurred during the arbitration, the statute allows the Court to award Petitioners attorney's fees for this proceeding to confirm the award. Accordingly, it is

ORDERED AND ADJUDGED:

1. Petitioners' motions for leave to file replies (docs. 35 and 36) are granted.

2. Petitioners' motion for attorney's fees (doc. 30) is denied in part and granted in part.

3. The motion is denied as to attorney's fees incurred during arbitration, in accordance with the arbitration award.

4. The motion is granted as to attorney's fees incurred during the confirmation proceeding before this Court.

A. On or before April 4, 2005, Petitioners shall serve (but not file) upon Respondent Cassedy a sworn statement ("statement of claim") showing the total amount of fees and expenses claimed, and showing, day by day, the amount of time spent on this matter by each attorney for whom fees are claimed and a description of the tasks performed on each such day by each such attorney, with the detail set forth in Local Rule 54.1(E)(1).

B. Within 21 days after service of the statement of claim, Respondent Cassedy shall serve (but not file) a written statement ("statement of position") specifically identifying the bases for any objections. If an objection is based on the reasonableness of the time claimed, Respondent Cassedy shall serve (but not file), within three days after service of the statement of position, an itemized listing of Respondent Cassedy's time records showing the total time devoted to the matter by opposing counsel, in the same form described above, to the extent such information was compiled and maintained.

C. Within 14 days after service of the statement of position, Petitioners shall file a motion setting forth the amount of fees and expenses claimed, supported by a sworn statement in the form set forth above. The motion shall be accompanied by a supporting memorandum addressing areas of disagreement, if any, with Respondent Cassedy. Prior to the filing of such a motion, the parties shall confer in a good faith effort to reach agreement on all or as many issues as possible. Unless the motion is agreed in all respects, the opposing side shall file a memorandum in response to the motion within 14 days of

service. In their filings under this paragraph, either party may file, as they deem appropriate, the statement of claim, statement of position, time records, and additional supporting materials.

D. If any party desires an evidentiary hearing, the party shall file a separate request therefor. In the absence of such a request, the amount of fees will be determined based on the written record.