559 So.2d 303 (1990)
CARPET CONCEPTS OF ST. PETERSBURG, INC., Appellant,
v.
ARCHITECTURAL CONCEPTS, INC., Appellee.
No. 89-02080.
District Court of Appeal of Florida, Second District.
March 30, 1990.
*304 Denise L. McCain and John A. Yanchunis of Greene and Mastry, P.A., St. Petersburg, for appellant.
Randall C. Callahan and Leo H. Meirose, Jr., of Battaglia, Ross, Hastings and Dicus, P.A., St. Petersburg, for appellee.
ALTENBERND, Judge.
Carpet Concepts appeals a non-final order referring its action against Architectural Concepts to arbitration and staying the circuit court proceeding.[1] The matter which the trial court referred to arbitration was a complaint or application to confirm and reduce an earlier arbitration award to judgment pursuant to section 682.12, Florida Statutes (1987). We reverse the order because the trial court had no authority to refer this issue back to arbitration. The trial court had four options. It could confirm the arbitration award, vacate it, modify it, or correct it. §§ 682.12-682.14, Fla. Stat. (1987). In this case, the trial court was obligated to confirm the award because Architectural Concepts did not establish any of the limited grounds upon which the award could be vacated, modified, or corrected.
In May 1986, Carpet Concepts contracted with Architectural Concepts to provide and install flooring materials at a project in Pinellas County. The flooring was installed in the project, but disputes arose between the two parties concerning Carpet Concepts' performance under the contract. In April 1987, when Architectural Concepts did not pay the full contract price, Carpet Concepts filed a demand for arbitration. The demand was filed with the American Arbitration Association (AAA) under the provisions of the contract between the parties.[2] Carpet Concepts filed a complaint in the arbitration proceeding, and Architectural Concepts filed four affirmative defenses.
An arbitrator was appointed. On August 3, 1988, more than a year after the commencement of the proceeding, the arbitrator held a preliminary hearing. At the preliminary hearing, Architectural Concepts withdrew its fourth affirmative defense, which had requested a setoff for damage allegedly caused by Carpet Concepts. Following the hearing, the arbitrator entered an order which required an exchange of witness lists and exhibits on or before August 24, 1988, and set a final hearing for September 15, 1988.
On August 24, 1988, Architectural Concepts served a counterclaim on Carpet Concepts. The counterclaim had not been discussed at the preliminary hearing. The counterclaim sought damages for breach of contract and negligence. At least a portion of this counterclaim included the same matters which had been described in the fourth affirmative defense.
AAA Commercial Arbitration Rule 8 allows an arbitrator to prohibit the filing of *305 new or different claims after the arbitrator has been appointed. The arbitrator in this case refused to hear the issues contained in the counterclaim. He dismissed the counterclaim without prejudice. On January 20, 1989, he entered an award in the amount of $33,537.31 plus interest in favor of Carpet Concepts.
Thereafter, on February 10, 1989, Carpet Concepts filed an application for confirmation with the circuit court. On March 3, 1989, within ninety days of the award, Architectural Concepts filed a motion to dismiss the application or to refer it to arbitration. The motion described Architectural Concepts' counterclaim and the fact that a new demand for arbitration had been filed with AAA by Architectural Concepts on February 23, 1989. In the motion, Architectural Concepts argued that the "interest of judicial economy would best be served" if the trial court dismissed the action or referred it to arbitration during the pendency of the second arbitration. The trial court granted the motion and entered an order referring the matter back to arbitration.
The courts' powers concerning arbitration awards are sharply limited in order to achieve finality within the parties' voluntarily selected forum of arbitration. Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327 (Fla. 1989). Carpet Concepts was entitled to a judgment confirming the arbitration award unless Architectural Concepts made a timely application to vacate, modify, or correct the award. §§ 682.12-682.14, Fla. Stat. (1987).
Even if the trial court treated Architectural Concepts' motion to dismiss as an application to vacate, modify or correct the award, it does not contain any factual basis or legal grounds for relief from the arbitration award. The only ground for vacation, modification, or correction implicit within Architectural Concepts' motion was that the "arbitrator ... refused to hear evidence material to the controversy ... contrary to the provisions of s. 682.06, as to prejudice substantially the rights of a party." § 682.13(1)(d), Fla. Stat. (1987). Architectural Concepts failed to demonstrate the requisite prejudice. Its delayed counterclaim was not barred from arbitration; it was simply referred to a separate arbitration.
On remand the trial court must enter an order confirming the arbitrator's award and a judgment conforming with the arbitrator's award. Since such a judgment is "enforced as any other judgment or decree," section 682.15, Florida Statutes (1987), the trial court does have authority to stay execution on the judgment during the pendency of the second arbitration if Architectural Concepts provides a bond or otherwise establishes "good cause." Fla. R.Civ.P. 1.550(b).
Reversed and remanded for proceedings consistent herewith.
CAMPBELL, C.J., and DANAHY, J., concur.
NOTES
[1] Although Carpet Concepts filed a petition for a writ of common law certiorari, we exercise our jurisdiction over this matter, pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(v), as a non-final order determining a party's entitlement to arbitration.
[2] The parties' contract was prepared on a standard American Institute of Architects subcontract, AIA document A401 (1978), which included general condition, article 13, requiring arbitration.