PER CURIAM.
Lominska, a professional photographer, and Fleet Street, a magazine publishing company, arbitrated Lominska’s claim for loss and damage to photographic transparencies. The arbitration concluded in June 1988, with an award as follows:
The claimant has requested attorney’s fees, costs, interest, and prejudgment interest. As grounds therefore, he states that such is permitted by Paragraph 6 of the delivery memoranda. In support, the claimant’s attorney ... has submitted a request for $24,000 as reasonable attorney’s fees. However, the panel finds that a reasonable attorney’s fee award in this case is $7,200.00. Costs will not be awarded in this dispute inasmuch as the individual respondent SCHINITSKY [Fleet Street’s agent] was improperly made a party; as a prevailing party, SCHINITSKY is entitled to costs himself. Therefore, the costs relative to SCHINITSKY and to the prevailing claimant vis-a-vis FLEET STREET offset one another.
Lominska filed a circuit court action to confirm the arbitration award and to vacate the award of attorney’s fees, claiming that the latter was too low. While the litigation was pending, Fleet Street paid the full amount of the arbitration award, leaving only the amount of the fee to be resolved. Cross-motions for summary judgment were filed on the attorney’s fee issue. In a footnote to its cross-motion, Fleet Street alleged an overstatement of losses by Lo-minska in the arbitration proceeding which entitled Fleet Street to a set-off of $4,485.00 against any attorney’s fee award.
The trial court ruled that Lominska was entitled to attorney’s fees under his contract and that he was estopped to claim fees in excess of the $7,200.00 amount which the arbitrators found reasonable. *577 With respect to the claimed entitlement to a set-off, the court ruled:
The Court, through this Order, refers the issue whether Plaintiff misrepresented the number of missing slides to the arbitration panel back to the arbitrators who originally heard this case. The original arbitrators, Morris E. Wolfe, Esq., Mariano Bosiso and Richard S. Ross, Esq. shall conduct a hearing on the issue, receive evidence and submit their findings to this Court. The costs for such a hearing shall be shared equally by each side and may be taxable as costs at the conclusion of the proceeding.
On the dispositive question we hold that the circuit court, in an action to confirm an arbitration award pursuant to chapter 682, Florida Statutes (1989), is without authority, two years after the award, to remand the case to the arbitration panel to consider allegations of misrepresentation made in the arbitration hearing, which are raised by the losing party for the first time at the confirmation hearing.
In Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327, 1319 (Fla.1989), the supreme court wrote that the need for finality of an arbitration award is a characteristic that distinguishes it from other forms of dispute resolution. In order to preserve the integrity of the arbitration process as a favored means of dispute resolution, the court’s powers to alter an arbitration award are very limited. See Lake County Ed. Ass’n v. School Bd., 360 So.2d 1280 (Fla. 2d DCA), cert. denied, 366 So.2d 882 (Fla.1978). Chapter 682 permits a court to confirm, vacate, modify, or correct an arbitration award. §§ 682.12-682.14. The action before the court was an application for confirmation of the award. Fleet Street made no request for the award to be vacated, modified or corrected. As such, there was no statutory authority for referring the issue of the amount of damages back to the arbitrators. Carpet Concepts of St. Petersburg, Inc. v. Architectural Concepts, Inc., 559 So.2d 303 (Fla. 2d DCA 1990).
Reversed and remanded with instructions to confirm the $7,200.00 in attorney’s fees that was awarded in arbitration pursuant to a contract between the parties.