619 So.2d 995 (1993)
Mark and Barbara OKUN, Edith Braunstein, and the National Association of Securities Dealers, Inc., Appellants,
v.
LITWIN SECURITIES INC., and Felix Smolensky, Appellees.
No. 92-2608.
District Court of Appeal of Florida, Third District.
May 11, 1993.
Rehearing Denied July 13, 1993.
Carlson Bales & Schwed, Julie A. Moxley and Curtis Carlson, Miami, for appellants.
Guy K. Stewart, Miami, for appellees.
Before BARKDULL, GERSTEN and GODERICH, JJ.
PER CURIAM.
Mark Okun, Barbara Okun, and Edith Braunstein appeal from an order vacating an arbitration award. We reverse and remand for further proceedings.
The appellants initiated an arbitration proceeding with the National Association of Securities Dealers [NASD] against Litwin Securities Inc. and Felix Smolensky alleging fraud, churning, breach of fiduciary duty and negligence. The arbitration proceeding took place before the NASD on September 16 and 17, 1992. During the arbitration proceeding, the NASD personnel operated a tape recorder in order to keep a record of the proceedings as required by Section 37, National Association of Securities Dealers Code of Arbitration Procedure. On October 19, 1992, the panel of arbitrators awarded the appellants $89,000.00. Following the arbitration proceeding, it was discovered that the tape recorder malfunctioned and the tapes were blank. As a result, a transcript of the arbitration proceeding could not be produced.
The appellees filed in the circuit court a motion to vacate the arbitration award pursuant to Section 682.13, Florida Statutes (1991). The motion to vacate was premised solely on the fact that the arbitration proceedings were not recorded. On November 5, 1992, the circuit court vacated the award. This appeal follows.
The appellants contend that the trial court erred in vacating the arbitration award. We agree.
Section 682.13(1) sets forth five grounds upon which an arbitration award may be vacated.[1] In the absence of one of the those five grounds, the trial court does not have the authority to vacate the arbitration award. Schnurmacher Holding, Inc. v. *996 Noriega, 542 So.2d 1327 (Fla. 1989); Lominska v. Fleet Street Publishing Corp., 587 So.2d 576 (Fla. 3d DCA 1991). As explained in Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327, 1329 (Fla. 1989), "the finality and enforceable nature of an arbitration award is a characteristic of arbitration that distinguishes it from other forms of alternative dispute resolution." In order to preserve the integrity of the arbitration process, a trial court's authority to vacate an arbitration award is limited to the five grounds in Section 682.13.
In the instant case, the only reason advocated in the appellees' motion to vacate the arbitration award was that the arbitration proceedings were not recorded. The fact that an arbitration proceeding is not recorded is not one of the five grounds enumerated in Section 682.13(1) for vacating an award. Thus, the trial court did not have the authority to vacate the award.
The order vacating the arbitration award is reversed, and this cause is remanded for the trial court to enter an order reinstating the arbitration award.
NOTES
[1] Section 682.13(1), Florida Statutes (1991), provides in pertinent part as follows:

(1) Upon application of a party, the court shall vacate an award when:
(a) The award was procured by corruption, fraud or other undue means.
(b) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or umpire or misconduct prejudicing the rights of any party.
(c) The arbitrators or the umpire in the course of his jurisdiction exceeded their powers.
(d) The arbitrators or the umpire in the course of his jurisdiction refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of s. 682.06, as to prejudice substantially the rights of a party.
(e) There was no agreement or provision for arbitration subject to this law, unless the matter was determined in proceedings under s. 682.03 and unless the party participated in the arbitration hearing without raising the objection.