652 So.2d 387 (1995)
Mark and Barbara OKUN, Edith Braunstein, and The National Association of Securities Dealers, Inc., Appellants,
v.
LITWIN SECURITIES, INC., and Felix Smolensky, Appellees.
No. 94-1522.
District Court of Appeal of Florida, Third District.
February 8, 1995.
Rehearing Denied April 12, 1995.
*388 Carlson Bales & Schwed and Julie A. Moxley and Curtis Carlson, Miami, for appellants.
Scott M. Bernstein, Miami, for appellees.
Before BARKDULL, JORGENSON and GODERICH, JJ.
BARKDULL, Judge.
In October of 1992 Mark and Barbara Okun and Edith Braunstein were awarded Eighty Nine Thousand Dollars in an arbitration against Litwin Securities. Prior to the Okuns and Braunstein filing their motion to confirm that award, Litwin filed, and the trial court granted, a motion to vacate the award. The Okuns and Braunstein appealed that order, this court reversed, see Okun v. Litwin, 619 So.2d 995 (Fla. 3d DCA 1993), and certiorari was denied. See Litwin v. Okun, 629 So.2d 133 (Fla. 1993). In July of 1993, Litwin filed an amended motion to vacate arbitration alleging fraud in the arbitration process. The trial court denied that motion, Litwin appealed, and this court affirmed. See Litwin v. Okun, 636 So.2d 517 (Fla. 3d DCA 1994). The Okuns and Braunstein then filed a motion to confirm the arbitration award and sought an award of post arbitration interest. On May 19, 1994, the trial court confirmed the arbitration award and denied the Okuns and Braunstein motion for post arbitration interest. From that denial the Okuns and Braunstein appeal.
Post judgment interest is available as a matter of law once damages have been liquidated by a judgment. See Argonaut Insurance v. May Plumbing, 474 So.2d 212 (Fla. 1985). Prejudgment interest must be awarded, where the claim is liquidated, from the date when payment of the claim is due. Metropolitan Dade County v. Bouterse, Perez, *389 & Fabregas Architects, Inc., 463 So.2d 526 (Fla. 3d DCA 1985). An arbitration award is akin to a verdict, see U.S.A.A. v. Smith, 527 So.2d 281 (Fla. 1st DCA 1988), and once an arbitration award is confirmed by the court it becomes, like a verdict, the judgment of that court and interest on that judgment runs from date of its entry until satisfaction of same. See Haskell v. Forest Land & Timber Co., 426 So.2d 1251 (Fla. 1st DCA 1983); see also Complete Interiors, Inc. v. Behan, 558 So.2d 48 (Fla. 5th DCA), rev. denied, 570 So.2d 1303 (Fla. 1990). The trial court may not award interest which predates an arbitration award. Pharmacy Management Service v. Perschon, 622 So.2d 75 (Fla. 2d DCA 1993); Goldberger v. Hofco, Inc., 422 So.2d 898 (Fla. 4th DCA 1982).
Although the trial court properly did not award interest which predated the arbitration award, the Okuns and Braunstein were entitled to prejudgment interest, on the amount awarded at arbitration, from the date of that award in October of 1992, until that award was reduced to judgment in May of 1994, pursuant to their motion for confirmation.[1] The arbitration award liquidated the amount owed the Okuns and Braunstein from the date of its entry until that award was reduced to judgment, thus prejudgment interest was not only proper but was required. See Metropolitan Dade County v. Bouterse, Perez, & Fabregas. See and compare Gadd v. Kelley, 66 Haw. 431, 667 P.2d 251 (1983) (prejudgment interest commences on day arbitration award is rendered, post judgment interest commences upon confirmation of arbitration award); Gordon Sel-Way, Inc. v. Spence Brothers, Inc., 438 Mich. 488, 475 N.W.2d 704 (1991) (same); see also Recreational Development Co. v. American Const., 749 P.2d 1002 (Col.App. 1987) (entry of an arbitration award represents liquidated sum which accrues interest). The Okuns and Braunstein were also entitled to post judgment interest on the judgment entered pursuant to their motion to confirm the arbitration award. Post judgment interest properly accrued on the Okuns and Braunstein judgment from May of 1994, and will continue to do so until Litwin satisfies same. See Argonaut; Fischbach & Moore, Inc. v. McBro, 619 So.2d 324 (Fla. 3d DCA 1993) (post judgment interest on fee award proper from date court determined fee award was proper). See and compare West v. Jamison, 182 Ga. App. 565, 356 S.E.2d 659 (1987) (party entitled to post judgment interest following confirmation of arbitration award); Paola v. Commercial Union Assurance Co., 490 A.2d 498 (R.I. 1985) (a party is entitled to post judgment interest from date of confirmation of arbitration award except where that party has appealed that confirmation then post judgment interest is due from date of affirmance).
Accordingly, the order of the trial court denying post arbitration prejudgment interest and post judgment interest is reversed and the cause is remanded to the trial court for further proceedings consistent herewith.
Reversed and remanded with instructions.
NOTES
[1] This is especially true where the Okuns and Braunstein were not responsible for the delay in reducing the award to judgment.