657 So.2d 59 (1995)
PRESERVE ESTATES, a Florida Partnership, Appellant,
v.
BRYANT CONTRACTING CORP., a Florida Corporation, Appellee.
No. 94-2857.
District Court of Appeal of Florida, Fourth District.
July 5, 1995.
*60 Neal Sklar and Norman Malinski of Norman Malinski, P.A., Aventura, for appellant.
Paul M. Woodson of James E. Glass Associates, Miami, for appellee.
FARMER, Judge.
Because the arbitration award in this case expressly stated that it was "in full settlement of all claims and counterclaims submitted," and appellee had submitted to the arbitrator a claim for interest on the contract amount also claimed, it was error for the trial judge to add pre-award interest to the amount awarded by the arbitrator. Okun v. Litwin, 652 So.2d 387 (Fla. 3d DCA 1995); Goldberger v. Hofco Inc., 422 So.2d 898 (Fla. 4th DCA 1982); McDaniel v. Berhalter, 405 So.2d 1027 (Fla. 4th DCA 1981).
The fact that Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985), requires a court to add prejudgment interest to a determination of liquidated damages by a jury or judge does not overcome the provisions of sections 682.13 and 682.14, Florida Statutes (1993). Those statutes allow a court to vacate or modify a final arbitration award in very limited circumstances, none of which apply here; the permitted grounds do not include legal error by the arbitrator. Schnurmacher Holding Inc. v. Noriega, 542 So.2d 1327 (Fla. 1989) (arbitrator's erroneous construction of statute was no basis to vacate award because error of law was not specific ground for vacating award); McDonald v. Hardee County School Bd., 448 So.2d 593 (Fla. 2d DCA), rev. denied, 456 So.2d 1181 (Fla. 1984) (arbitration award may not be vacated upon mistake of fact or law, only upon statutory grounds).
Accordingly, we reverse that part of the final judgment that included interest from the date of the claim to the date of the final arbitration award. In all other respects, we affirm.
GUNTHER, C.J., and GLICKSTEIN, J., concur.