Eddie **LEWIS,** Larry Lewis, Maurice Mims, and Gilmore & Sons, Inc., Plaintiffs,

v.

The **HASKELL COMPANY, INC.,** and Louis Gouygou, Defendants.

Civil Action No. 98–T–816–N.

United States District Court, M.D. Alabama, Northern Division.

Feb. 17, 2004.

Alvin T. Prestwood, Prestwood & Associates, PC, Montgomery, AL, Richard D. Lively, Prattville, AL, for Plaintiffs.

T. Camille Gruber, McGuire Woods, LLP, Richard N. Margulies, Akerman Senterfitt, Jacksonville, FL, for Defendants.

## OPINION

MYRON H. THOMPSON, District Judge.

This lawsuit is before the court again, this time on the issue of whether a party which has received an arbitration award in its favor is also entitled to a court order giving it "post-award, pre-judgment interest," that is, interest that has accrued between the date of the arbitration award and the date of the court judgment confirming the award.

### I.

The plaintiffs, Gilmore & Sons, Inc. (G & S) and three of its employees (Eddie Lewis, Larry Lewis, and Maurice Mims, who are African–Americans), charged the defendants, Haskell Company, Inc. (HCo.) and one of its supervisors (Louis Gouygou), with various federal and state-law violations arising out of work done at a construction project pursuant to a subcontract between G & S and HCo. The plaintiffs charged that the defendants discriminated against the Lewises and Mims because of their race in violation of 42 U.S.C.A. § 1981. They also asserted various state-law claims, including breach of contract, tortuous interference with business contract, general negligence and wantonness, negligent training and supervision, and outrage. The jurisdiction of the court was invoked pursuant to 42 U.S.C.A. §§ 1331 (federal question), and 1343 (civil rights), and 28 U.S.C.A. § 1367 (supplemental).

By order entered on August 4, 2000, this court required the plaintiffs to arbitrate their claims. *Lewis v. Haskell Co.*, 108 F.Supp.2d 1288 (M.D.Ala.2002). In January 2002, this matter was heard by an arbitration panel, and, on September 13, 2002, the panel rejected all of the plaintiffs' claims except one:[1] the panel found that G

---

1. Plaintiffs' application for judgment confirming arbitration award, filed July 11, 2003 (doc. no. 27) (G & S's July 11 application),

Exh. A, arbitration decision and award (arbitration award), pp. 10–14.

& S was entitled to be paid for satisfactory work it had completed but for which it had not been paid.[2] The panel calculated that the amount due for this work was $ 19,848.00.[3] In the section of its decision and award entitled "conclusion," the panel wrote "[G & S] is entitled to $ 19,848.00 from Haskell plus prejudgment interest on said amount from September 1, 1998.".[4] Immediately below the conclusion, the panel stated that the amount owed for "Prejudgment interest per Florida Statutes § 55.03 for the period 9/1/98 through 3/31/02 (% 10)" is $ 7,107.21 for a total award of $ 26,995.21.[5]

On July 11, 2003, G & S returned to this court and filed an application for judgment confirming the arbitration award, in which it requested this court "to enter a judgment upon the arbitration award in favor of Gilmore & Sons, Inc. and against [HCo.] in the amount of $ 26,995.21."[6] On July 31, G & S amended its application to claim that it is also entitled to "post-award, pre-judgment interest" from September 1, 1998, until the entry of a judgment by this court, and not just until March 31, 2002, as

calculated in the arbitration award.[7] Accordingly, G & S seeks an additional $ 2,646.40 in post-award, pre-judgment interest, representing interest accumulated between March 31, 2002, and July 31, 2003.[8]

After HCo. confirmed that it had paid G & S the $ 26,995.21 specified as the total amount due in the arbitration panel's award,[9] this court issued an order denying G & S's July 11 application for judgment confirming the arbitration award as moot and directing that its July 31 application be treated as an application for post-award, pre-judgment interest.[10]

It is this application for post-award, pre-judgment interest that is now before the court.

## II.

■ G & S claims to be entitled to prejudgment interest for the period between March 31, 2002, and July 31, 2003; HCo. disagrees. Both parties rely on the terms of the arbitration award to support their arguments. Relying on the sentence

---

2. *Id.* at 11.

3. *Id.* at 11–12.

4. *Id.* at 14.

5. *Id.*

6. G & S's July 11 application at 1. G & S's July 11 application is actually entitled "Plaintiffs' application for judgment confirming arbitration award." However, the application seeks a judgment confirming the arbitration award in favor of only G & S and not the other plaintiffs, the Lewises and Mims. *Id.* This makes sense because the arbitration panel found that G & S was entitled to compensation for its work but found that neither the Lewises nor Mims was entitled to any compensation. Arbitration award at 14. The court thus treats the July 11 application as the application of G & S and not of all the plaintiffs. The same is true of the July 31, 2003, amendment. *See supra* note 7.

The court also notes that, in its July 11 application and its July 31 amendment thereto, G & S requests a judgment against "the Defendants." G & S's July 11 application at 1; Plaintiffs' amendment to application, etc., filed July 31, 2003 (doc. no. 29) (G & S's July 31 amendment), p. 2. However, the arbitrator's award to G & S was based on G & S's contract with HCo. and was thus an award against only HCo. and not Gouygou. Arbitration award at 11. Thus, the court treats G & S's application as an application for an award of post-award, pre-judgment interest against only HCo. and not against Gouygou.

7. G & S's July 31 amendment at 1.

8. *Id.*

9. Defendants' confirmation of payment, etc., filed August 1, 2003 (doc. no. 30), p. 1.

10. Order, entered August 27, 2003 (doc. no. 31).

in the conclusion of the arbitration panel's decision that reads that G & S "is entitled to $ 19,848.00 plus prejudgment interest on said amount from September 1, 1998,"[11] G & S argues that the panel intended the payment of post-award, pre-judgment interest from September 1, 1998, until the confirmation of the underlying award, and it asks this court to order HCo. to pay interest from March 31, 2002, to July 31, 2003. HCo., on the other hand, relying on the panel's calculation of pre-judgment interest from "9/1/98 through 3/31/02," argues that the panel intended that no interest be paid for any period past March 31, 2002; HCo. further argues that G & S's claim is foreclosed by the Federal Arbitration Act (FAA), 9 U.S.C.A. §§ 1–16, and Florida law.

This focus on the terms of the arbitration award is misguided, however. The issue of interest for the period of time between the arbitrator's award and a final-court judgment confirming the award, that is, post-award, pre-judgment interest, is not one for the arbitrator to decide at all. As the Third Circuit Court of Appeals wrote in a case brought under the FAA to confirm an arbitration award, "the arbitrators were concerned with interest to the date of their award. They lacked authority to decide the entirely separate question of prejudgment interest on the amount confirmed by the district court judgment." *Sun Ship, Inc. v. Matson Navigation Co.*, 785 F.2d 59, 62–63 (3d Cir.1986). Rather, as the Tenth Circuit Court of Appeals has observed, "the granting of prejudgment interest from the date of the arbitrator's award in an action seeking to confirm that award is a question of federal law entrusted to the sound discretion of the district court." *United Food and Commercial Workers, Local Union No. 7R v. Safeway Stores, Inc.*, 889 F.2d 940, 949 (10th Cir. 1989); *see also Val–U Constr. Co. of South*

*Dakota v. Rosebud Sioux Tribe,* 146 F.3d 573, 581 (8th Cir.1998); *accord* 1 Gabriel M. Wilner *Domke on Commercial Arbitration* § 30:05 (Rev. ed.2002). Thus, the obligation of the court responsible for determining whether the award should be confirmed is also to determine whether post-award, pre-judgment interest should be allowed. In this case, that means this court.

■ Under federal law, the prevailing party in FAA arbitration-confirmation proceedings is presumptively entitled to post-award, pre-judgment interest. In a case brought under the FAA to confirm an international-arbitration award, the Eleventh Circuit Court of Appeals held that "prejudgment interest is not a penalty, but compensation to the plaintiff for the use of funds that were rightfully his, and absent any reason to the contrary, it should normally be awarded when damages have been liquidated by" an arbitration award. *Industrial Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH,* 141 F.3d 1434, 1446–47 (11th Cir.1998) (internal quotations omitted). Other federal courts have similarly held that the prevailing party in FAA arbitration-confirmation proceedings is presumptively entitled to post-award, pre-judgment interest. *Fort Hill Builders, Inc. v. Nat'l Grange Mutual Insurance Co.,* 866 F.2d 11, 14 (1st Cir.1989) ("[U]nder either federal or [Rhode Island] law, interest should be awarded from date of the arbitration decision"); *Stroh Container Co. v. Delphi Indus., Inc.,* 783 F.2d 743, 752 (8th Cir.1986) ("[P]rejudgment interest should ordinarily be granted unless exceptional or unusual circumstances exist making the award of interest inequitable"); *Sun Ship, Inc.,* 785 F.2d at 63 ("A confirmed arbitration award made under the Federal Arbitration Act ... bears interest from the date of the

---

**11.** Arbitration award at 14.

award"). Thus, this court has the authority to award, and presumptively should award, to G & S interest for the period between when the arbitration award was entered on September 13, 2002, and the time when the award was satisfied by HCo. on July 31, 2003.

■ This discretion of the district courts under the FAA to grant post-award, pre-judgment interest must be contrasted with the courts' lack of discretion to award pre-award interest. "[C]ourts cannot add interest from a date prior to the award, since this would infringe on the arbitrators' territory." 1 Gabriel M. Wilner *Domke on Commercial Arbitration* § 30:05 (Rev. ed.2002). Thus, this court does not have the discretion to award to G & S interest for any period prior to the arbitration panel's award on September 13, 2002.

■ The applicable interest rate depends on the source of the court's jurisdiction. In cases brought pursuant to federal-question jurisdiction, the federal court should set the interest rate guided by "principles of reasonableness and fairness," "relevant state law," and 28 U.S.C.A. § 1961 (the federal statute setting the interest rate for awards of post-judgment interest). *Indus. Risk Insurers,* 141 F.3d at 1447. In diversity-jurisdiction actions, the interest rate should be set by state law, *see Bel–Bel Intern. Corp. v. Cmty. Bank of Homestead,* 162 F.3d 1101, 1110–1111 (11th Cir.1998) (applying Florida statutory rate of pre-judgment interest), and, in actions premised on supplemental jurisdiction, state law applies to the extent the party prevailed on state law. *Mills v. River Terminal Ry. Co.,* 276 F.3d 222, 228 (6th Cir.2002). In this case, the court has both federal-question and sup-

plemental jurisdiction.[12] However, the only claim on which the arbitration panel awarded relief was a state-law contract claim, which, of course, was premised on supplemental jurisdiction in this court. Thus, federal law provides that this court use applicable state law, and here that is Florida law.[13]

HCo. maintains, however, that, while federal law directs this court to apply state law, state law here, that is, Florida law, does not allow pre-judgment interest in circumstances such as these. This court need not address the thorny question of what to do when federal law directs that post-award, pre-judgment interest be paid at a rate determined by state law but the applicable state law prohibits such interest, for HCo. is wrong on its reading of Florida law. Florida law is in accord with federal law on the question of whether a court may order post-award, pre-judgment interest.

Under Florida law, a court may *not* order the addition of *pre*-award interest to an arbitration award. *Preserve Estates v. Bryant Contracting Corp.,* 657 So.2d 59, 60 (Fla.Dist.Ct.App.1995) ("it was error for the trial judge to add pre-award interest to the amount awarded by the arbitrator"); *Goldberger v. Hofco, Inc.,* 422 So.2d 898, 900 (Fla.Dist.Ct.App.1982); *see also McDaniel v. Berhalter,* 405 So.2d 1027, 1030 (Fla.Dist.Ct.App.1981). However, a court *may* order that *post*-award interest be added for the time between the issuance of the arbitration award and its confirmation by the court. *Okun v. Litwin Sec., Inc.,* 652 So.2d 387, 389 (Fla.Dist.Ct. App.1995).

In *Okun,* the court held that the plaintiffs who prevailed in arbitration, "were

---

**12.** The FAA does not in itself create subject-matter jurisdiction. *First Franklin Fin. Corp. v. McCollum,* 144 F.3d 1362, 1363 (11th Cir. 1998).

**13.** The rate for pre-judgment interest is set by Fla. Stat. ch. 55.03.

entitled to prejudgment interest, on the amount awarded at arbitration, from the date of that award in October of 1992, until that award was reduced to judgment in May of 1994, pursuant to their motion for confirmation." *Id.* The court explained that, "The arbitration award liquidated the amount owed the [plaintiffs] from the date of its entry until that award was reduced to judgment, thus prejudgment interest was not only proper but was required." *Id.* The Florida cases HCo. cites all make clear this distinction between the district court's lack of authority to grant *pre*-award interest and its authority to award *post*-award interest.

The Eleventh Circuit has also noted this distinction in Florida law. In *Industrial Risk Insurers*, the district court, applying Florida law, had denied post-award, pre-judgment interest on an arbitration award. 141 F.3d at 1446. The court of appeals reversed on the ground that the district court had federal-question jurisdiction, not diversity jurisdiction, and thus should have applied federal law. *Id.* In so doing, however, the Eleventh Circuit noted that the district court appeared to have misread Florida law: "[*Pharmacy Mgmt. Servs., Inc. v. Perschon*, 622 So.2d 75 (Fla.Dist.Ct. App.1993)] held that a court may not grant pre-*award* interest on a final arbitral award that states that it is in full settlement of all claims. *Perschon* did not hold that a court may not grant *post*-award, pre-*judgment* interest on such an award." *Id.* at 1447 n. 18 (emphasis in original). Thus, as under federal law, Florida law gives the court the authority to grant post-award, pre-judgment interest.

■ This court concludes that G & S is entitled to post-award, pre-judgment interest running from the date of the arbitration award to the date that HCo. paid the arbitration award. Under federal law, post-award, pre-judgment interest should "normally be awarded," *Indus. Risk In-*

*surers,* 141 F.3d at 1447, and, under Florida law, such interest is "required," *Okun,* 652 So.2d at 389. HCo. presents no reason sufficient to overcome these court directives.

Further, giving post-award, pre-judgment interest in this case is equitable, that is, fair, because HCo. had the use of the award money for the time between the arbitration panel's award and the time it paid G & S. *See Indus. Risk Insurers,* 141 F.3d at 1446–1447 (award of pre-judgment interest compensates plaintiff for use of funds that are rightfully the plaintiffs'). Post-award, pre-judgment interest is also equitable because HCo. did not contest the arbitration panel's award, but rather waited until G & S brought an application for judgment confirming the award before paying it.

An appropriate judgment will be entered.

## JUDGMENT

In accordance with the memorandum opinion entered this date, it is the ORDER, JUDGMENT, and DECREE of the court:

(1) The amended application for judgment confirming the arbitration award, filed by plaintiff Gilmore & Sons, Inc. on July 31, 2003 (doc. no. 29), is granted to the extent that it shall have and recover from defendant Haskell Company, Inc. post-award, pre-judgment interest on the $ 19,848.00 award and that the interest shall be calculated at the rate dictated by Fla. Stat. ch. 55.03, for the period beginning on the date of the arbitration panel's award on September 13, 2002, and ending on July 31, 2003.

(2) Said application is denied in all other respects.

It is further ORDERED that costs are taxed against defendant Haskell Company, Inc., for which execution may issue.

The clerk of this court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.