GODERICH, Judge.
The Expressway Companies, Inc. [Expressway] appeals from an amended final judgment granting Precision Design, Inc.’s [Precision] Petition to Confirm Arbitration Award; denying Expressway’s Application to Vacate Arbitration Award; and granting pre-award interest to Precision. We affirm in part and reverse in part.
Expressway and Precision entered into an “Abbreviated Form of Agreement Between Owner and Contractor” which provided for the resolution of claims and disputes by arbitration. After the construction project was terminated, Precision filed a Demand for Arbitration [Demand] seeking $449,000, and later amended the Demand seeking $849,926.
Expressway filed a Motion to Dismiss the Demand [Motion to Dismiss] raising several arguments. Expressway also filed an answer to the Demand and raised a counterclaim alleging that it had overpaid Precision.
The arbitrator heard the matter over a six-day period and thereafter, entered its arbitration award [Award]. The Award in part denied Expressway’s Motion to Dismiss; awarded post-award interest, administrative fees and expenses, and $716,719 in damages to Precision; and denied Precision’s request for pre-award interest.
Following entry of the Award, Expressway filed an Application to Vacate Arbitration Award [Application to Vacate] and Precision filed a Petition to Confirm Arbitration Award [Petition to Confirm], In the Petition to Confirm, Precision also requested that the trial court grant it pre-award interest.
Following a hearing, the trial court entered an amended final judgment granting Precision’s Petition to Confirm; dismissing Expressway’s Application to Vacate; and awarding pre-award interest to Precision. This appeal followed.
Expressway raises numerous points on appeal, but only one merits discussion. Expressway contends that the trial court erred by modifying the Award by granting pre-award interest to Precision. We agree.
As previously noted, Precision filed a motion to confirm the arbitration award, not a motion to modify the arbitration award. If a trial court rules to confirm the arbitration award, it must enter a judgment confirming the arbitration award *1018 in its entirety. See Andrew H. Warner, Inc. v. Siga, Inc., 690 So.2d-626, 628 (Fla. 4th DCA 1997)(holding that “[i]n confirming an arbitration award, the trial court must enter a judgment in conformity with the arbitration award.”).
In the instant case, the Award specifically denied pre-award interest to Precision. As such, the trial court’s .amended final judgment granting pre-award interest to Precision was not in conformity with the Award. Therefore, the portion of the amended final judgment awarding pre-award interest to Precision must be reversed.
Assuming that Precision had filed a motion to modify the award pursuant to section 682.14, Florida Statutes (2003),[1] the facts do not support such a modification. Precision argues that the trial court was authorized to modify the Award to add pre-award interest because the arbitrator made “a conscious decision to not bother completing the task ' [of calculating pre-award interest] because it [was] too arduous.” Precision also argues that the trial court correctly granted pre-award interest because it is entitled to such interest pursuant to Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985).
First, in reviewing the Award, it is clear that the arbitrator’s decision to deny pre-award interest was’ not because the arbitrator believed that the task of ealcu-lating the pre-award interest “was too arduous.” Rather, the arbitrator denied Precision’s request for pre-award interest after considering what it believed to be the law on pre-award interest and the facts of the case. Therefore, because a trial court “is not empowered to set aside arbitration awards for mere errors of judgment as to law or facts,” even if Precision, had filed a motion to modify the Award, the trial court could not have granted the motion. Dasso v. Fernandez, 831 So.2d 714, 716 (Fla. 3d DCA 2002), review denied, 845 So.2d 889 (Fla.2003); see Verzura Constr., Inc. v. Surfside Ocean, Inc., 708 So.2d 994, 996 (Fla. 3d DCA 1998)(holding that “awards made by arbitration panels cannot be set aside for mere errors of judgment either as to the law or as to the facts”); Goldberger v. Hofco, Inc., 422 So.2d 898, 900 (Fla. 4th DCA 1982)(holding that where an arbitration award denies pre-award interest, “[a]bsent justification to vacate or modify the award, the trial court was without authority to alter the terms.”).
Finally, Precision’s reliance on Argonaut is misplaced. As the Fourth District held in Preserve Estates v. Bryant Contracting Corp., 657 So.2d 59 (Fla. 4th DCA 1995),
[t]he fact that Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985), requires a court to add prejudgment interest to a determination of liquidated damages by a jury or judge does not *1019 overcome the provisions of sections 682.13 and 682.14, Florida Statutes (1993). Those statutes allow a court to vacate or modify a final arbitration award in very limited circumstances, none of which apply here; the permitted grounds do not include legal error by the arbitrator.
Preserve Estates, 657 So.2d at 60 (emphasis in original); see also § 682.13(e), Fla. Stat. (2003)(“But the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.”).
Accordingly, we reverse the portion of the amended final judgment awarding pre-award interest to Precision and affirm the remaining portions of the amended final judgment.
Affirmed in part and reversed in part.

. Section 682.14 provides as follows:
Modification or correction of award
(1)Upon application made within 90 days after delivery of a copy of the award to the applicant, the court shall modify or correct the award when:
(a) There is- an evideht miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award.
(b) The arbitrators or umpire have awarded upon a matter not submitted to them or him or her and the award may be corrected without affecting the merits of the decision upon the issues submitted.
(c)The award is imperfect as a matter of form, not affecting the merits of the controversy.
(2) If the application is granted, the court shall modify and correct the award so as to effect its intent and shall confirm the award as so modified and corrected. Otherwise, the court shall confirm the award as made.
(3) An application to modify or correct an award may be joined in the alternative with an application to vacate the award.